CASE 51—PETITION EQUITY—JANUARY 29.

# Arnold vs. Smith.

APPEAL FROM WARREN CIRCUIT COURT.

1.  An appeal is allowed directly to the court of appeals from the judgment of a county court, sitting as a court of claims. (*Civil Code, sections* 15, 16.)
2.  The circuit court has no jurisdiction of an appeal from the judgment of a county court, sitting as a court of claims. (*Civil Code, sections* 15, 16.)
3.  The owner or possessor of land is required by law to pay the tax assessed on the value of such land, without reference to whether he owned the fee or only a life estate.
4.  The owner of a life estate in land, being in possession, is required to pay the tax assessed on the fair value of such land. (*Section* 2, *article* 5, *chapter* 83, *Revised Statutes,* 2 *Stanton,* 250.)

GRIDER & WESTERN,                                    For Appellant,
                          CITED—
*Civil Code, sec.* 16.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

The assessor for Warren county assessed a valuable real estate, in the possession of appellant, in said county, at his estimate of its value for taxation for the year 1867.

Appellant, having only a life estate, as he alleges, in said real estate, applied to the supervisors of said county, to have said assessment corrected, and to have the value of the life estate in the lands assessed and taxed; and, having failed in his efforts there, applied to the county court of said county, sitting as a court of claims, to have the alleged error corrected, where he was as unsuccessful as before the supervisors. He then filed his petition in equity in the Warren circuit court, with injunction against the collecting officer, for the relief sought in vain before the two tribunals above named, and a demurrer having been sustained to his petition, he has appealed to this court from the judgment of the circuit court dismissing his petition.

The court below was of opinion that that court had no jurisdiction. By section 15, Civil Code, it is provided, that the court of appeals shall have appellate jurisdiction over the final orders and judgments of all other courts of this Commonwealth, subject to the exceptions in section 16. By reference to that section, it will be seen, that where the judgment or order is by the quarterly court, county court, or police court, city or mayor's court, or justice's court, and an appeal is given to the quarterly or circuit court, the court of appeals shall have no appellate jurisdiction.

From the judgment of the county court, sitting as a court of claims, no appeal is allowed to the quarterly or circuit court; consequently, an appeal is allowed directly to this court, and the circuit court had no jurisdiction,

and the demurrer was properly sustained. But, even if that were a doubtful question, appellant, from the allegations of the petition, is not entitled to the relief sought.

By *section 2, article 5, chapter 83, page 250, volume 2, Revised Statutes*, it is provided, that all estates, real and personal, and all interest in such estates, named and specified in the tax-book aforesaid, shall be assessed for taxation,—and the tax paid by the owner or possessor thereof to the person authorized by law to receive the same.

In section 1 of said article, the form of the tax-book is given, in which the land owned by the tax-payers is specifically named as property to be assessed, and its value must be entered, which, as we understand it, in connection with the section above quoted, means, the value of the fee simple estate therein is to be taxed; and the owner or the *possessor* of the land must pay the tax assessed on the same to the proper officer.

There is no allegation that the appellant was not possessed of the land—indeed, that is conceded; and, according to any rational construction of the statute *supra*, he should pay the tax assessed on the fair value of the land, without reference to whether he owned the fee or only a life estate.

In either view of the case, therefore, the facts stated in the petition did not constitute a cause of action.

Wherefore, the judgment is affirmed.