## Gambrell v. Gambrell, et al.

(Decided January 13, 1916.)

### Appeal from Clay Circuit Court.

Husband and Wife—Occupancy of Wife's Property—Possession.— Husband and wife having moved upon land inherited by the wife, their possession is her possession, and the husband cannot claim adversely to her. so long as they live together as husband and wife.

A. D. HALL and D. K. RAWLINGS for appellant.

A. B. HAMPTON, H. T. FARMER and D. B. WHITE for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellees sued appellant, who is their father, in the Clay circuit court to cancel a deed from appellees, and others, to appellant for 211.45 acres of land, alleging that the land had been inherited by their mother, Amy Gambrell, from her. father, R. P. Treadway, Sr., that within a short time after the death of said R. P. Treadway, Sr., about twenty-five years ago, the ° said Amy Gambrell, and her husband, the appellant, took possession of this tract of land as her share of her father's estate; that some years thereafter she died; that the deed they desired cancelled was made to appellant in 1909 after the death of his said wife without consideration and was procured by fraudulent representations made to them by appellant; that said land, subject to appellant's curtesy therein, belongs to them.

Appellant answered traversing the allegations of the petition, and disclaiming any part in, or knowledge of the execution of the deed to him, or of any claim thereunder, and by counter-claim asserted title in himself to this property by adverse possession of more than twenty years before the filing of appellees' suit. Appellees by reply denied that his occupation or use of the

land had ever been adverse. The proof shows conclusively that R. P. Treadway, Sr., at the time of his death owned a large body of land in Clay county, including the tract in controversy; that within a short time after his death appellant and his wife took possession of this tract of land; that the other heirs of said R. P. Treadway, Sr., took possession of other tracts of his land. There is no evidence of any division or conveyance among his heirs, but all parties have recognized the title of each heir to the particular tract of which he took possession.

Appellant did not attempt to defend the deed sought to be cancelled, and the only issue was whether the possession of appellant and his wife was his or her possession, and about that there can be no doubt. Appellant's proof might be held to show adverse possession towards all others, but not as to his wife with whom he was living. There is, in fact, not a word of evidence in the record that he ever claimed the land adversely to his wife, or did any act inconsistent with her ownership and possession; besides he could not, while living with her as her husband, have claimed, adversely to her, lands inherited by her from her father. Meraman's Heirs v. Caldwell's Heirs, 8 B. Monroe, 32; 21 Cyc., 1208, and 1 R. C. L., 755.

The trial court adjudged that Amy Gambrell was the owner of the land at the time of her death. "And at the death of Amy Gambrell said tract descended to and became the joint property of plaintiffs named in the caption here, and is now their property." Except for this last clause the judgment is correct and would have been affirmed. Instead of the land descending to appellees, the pleadings and proof show that it descended to appellees, and their two brothers, who died after their mother, and before the institution of this suit. The proof, conclusive as to one and by preponderance as to the other, shows that these two deceased brothers were more than twenty-one years of age at the time of their death, from which it results that their father, the appellant, inherited their shares in said land and that appellees owned an undivided seven-ninths and appellant an undivided two-ninths therein subject to appellant's curtesy. Ky. Statutes, sec. 1393.

Wherefore, the judgment is reversed, with directions to re-enter same with the changes indicated herein.