## Anderson v. Daugherty.

(Decided March 22, 1916.)

### Appeal from Bath Circuit Court

1. Taxation—Real Property—Mode of Assessment.—Real estate should be listed for taxation against the owner of the first freehold estate therein.

2. Taxation—Real Property—Life Tenant.—It is the duty of the life tenant to list and pay taxes on the land.

3. Deeds—Sale of Land for Taxes—Title.—A deed from the sheriff to a purchaser for land sold for taxes vests the purchaser with the fee simple title to the land, if all necessary steps have been taken in making the sale, and when a sheriff, by his deed, certifies that he has done all the things which are required by law, in selling the land for taxes, it will be presumed that he has done so, but this presumption may be overcome by the evidence.

4. Taxation—Sale of Land for Taxes.—A valid assessment is a necessary prerequisite to a valid sale of land for taxes, and a tax deed does not pass the title of any person, other than that of the person in whose name the assessment is made.

5. Adverse Possession—Title to be Traced to Common Vendor.—In a controversy over the ownership of land, where both parties claim under the same remote vendor, it is not necessary for either of the parties to go further back for title than to the common vendor.

6. Deeds—How Contents May be Proven.—The only way to prove the existence of a deed and its contents, where the deed is in existence and within the power of the one offering the evidence, is to produce the deed.

7. Deeds—Champerty and Maintenance.—The statute declaring champertous and void a deed which is made to lands in the adverse possession of another does not apply to lands sold at judicial

sales, and deeds made in consequence of such sales by a commissioner of the court.

8. Champerty and Maintenance—Possession Necessary to Constitute Sale Champertous.—The possession necessary to make a sale and conveyance of lands champertous under the statute is an adverse possession and not a mere constructive possession by reason of a claim of ownership of it under a deed.

W. S. GUDGEL for appellant.

JOHN A. DAUGHERTY for appellee.

Opinion of the Court by Judge Hurt—Reversing.

This action was brought in ordinary in the Bath Circuit Court by the appellee, John A. Daugherty, against the appellant, David Anderson, for the alleged purpose of having a sheriff's deed, which appellant held for a tract of land in Bath County, adjudged to be void and cancelled, and to recover the sum of two hundred dollars in damages, which he claimed that he had suffered because of the detention of the land by the appellant.

The appellee, in his petition, alleged that he was the owner and entitled to the possession of the land; that Millie Hornback was the owner of the land at her death, on July 24th, 1900, and had been the owner since 1891; that she was married to Wm. Hornback in 1883, and she left surviving her, at her death, six children, all of whom were infants; that Seth Botts, Sheriff of Bath County, sold the land for taxes due for the year 1905, and conveyed the same to appellant; that the sale of the land was wrongful, fraudulent and not done in due course of law, for the following reasons, viz.: (1) That Wm. Hornback was the owner of a life estate and in possession of the land, but it was not assessed for the year 1905 as the property of Wm. Hornback, but was assessed as the property of B. F. Snelling, guardian of Millie Hornback's heirs, when said Snelling was never at any time the guardian of the heirs of Millie Hornback; (2) that more land was sold than was necessary to pay the taxes and costs; that the sheriff, before making the sale, never made any demand nor tendered receipt to Wm. Hornback for the taxes, and never mailed to him any notice of the taxes or the sale of the land; (3) that, the sheriff never filed in the county clerk's office any report of the sale; (4) the purchaser never filed his certifi-

cate of purchase in the clerk's office; (5) the purchaser never gave any notice to Millie Hornback's heirs of his purchase of the land; that J. J. Lacey, a trustee in bankruptcy, conveyed an undivided two-thirds of the land to him, appellee, and Wm. Hornback conveyed his life estate in the land to him; that appellant was wrongfully in possession of the land and was holding same against him, and prayed for a cancellation of the deed from the sheriff to appellant, the recovery of two hundred dollars in damages for the detention of the land, and all other relief to which he was entitled.

The appellant demurred generally to the petition, but the court overruled the demurrer, to which appellant excepted. The court upon its own motion, over the objection of appellant, transferred the case to the equity side of the court's docket.

The appellant, by his answer, denied the appellee's ownership of the land, or that he was entitled to its possession, and alleged that the land was sold for taxes for the year 1905, and that he became the purchaser of same on March 12th, 1906, and thereafter, the land not having been redeemed, the sheriff, on the 31st day of May, 1908, conveyed same to him by a deed, which he caused to be recorded, and took possession of the land in April, 1906, and had been in the adverse possession of it, claiming it as his own ever since that time; that, thereafter, in 1910, while he was in the adverse possession of the land, the heirs of Millie Hornback conveyed the land to T. J. Daugherty, who, thereafter, was adjudged a bankrupt, and his interest in the land sold, when the appellee became the purchaser of it; that the claim of appellee was champertous and void on that account.

The issues were completed by a reply, which traversed the affirmative allegations of the answer.

The appellee filed evidence, which proved that Millie Hornback died in the year 1900, leaving her husband, Wm. Hornback, and her six children surviving her; that Wm. Hornback became the husband of Millie Hornback in 1883, and she acquired ownership of the land in 1891, and issue of the marriage having been born alive, Wm. Hornback, after her death, was the holder of all the land for his lifetime, as a tenant by the curtesy; that he was in possession of the land until 1907, when the dwelling upon it having burned, he moved away from it; that it

was assessed for taxes for the year 1905 as the property of B. F. Snelling, guardian of Millie Hornback's heirs; that Snelling was never, at any time, a guardian for Millie Hornback's heirs; that on March 12th, 1906, it was sold for the taxes for the year 1905, by Seth Botts, the sheriff of the county; that no demand was ever made for the taxes or receipt tendered to any one who owned an interest in the land before its sale; that no notice was ever given before the sale to Hornback or any of his children by letter or postal card of the intended sale; that the purchaser at the sale never gave the owners of the land any notice of his having purchased it, at any time, after the sale; the sheriff never made any report of the sale to the county court clerk, neither did the purchaser ever file his certificate of purchase in the clerk's office, and no record of the sale was made anywhere; that after Seth Botts' term of office as sheriff had expired, he conveyed the land by deed to appellant, who was the purchaser at the sale; that no one had ever offered to redeem the land; that the deed was made by the sheriff on the 31st day of March, 1908; that no one being in actual possession of the land, the appellant took possession of it, under his deed, in 1908; that in 1910, while appellant was in the possession or claiming to be of the land, but the proof fails to show whether his possession was actual or constructive, Wm. Hornback conveyed his life estate in the land to T. J. Daugherty, and three of his six children conveyed their remainder interest in it to Daugherty, but this deed is not in the evidence nor is there any proof of its having been destroyed, nor is its absence accounted for; that, thereafter, T. J. Daugherty was adjudged a bankrupt, and his interest in the land adjudged to be sold; the report of the referee in bankruptcy of the sale shows that an undivided two-thirds interest in the land was sold to appellee; this report was confirmed and a deed executed to appellee for an undivided two-thirds interest in the land. The judgment for the sale in the bankruptcy proceedings, the report of the referee of the sale of the land and the deed to appellee are on file. It was, also, stated by the witnesses that appellee had suffered damages in the sum of at least $200.00 by appellant's possession of the land.

The cause having been submitted upon the pleadings and evidence, the court adjudged that appellee was

the owner of all the land, and that he recover of appellant two hundred dollars with interest from the date of the judgment, less the sum of $7.35, paid by appellant to the sheriff for the taxes on the land for the year 1905, and appellee's costs. To this judgment the appellant objected and excepted and prayed an appeal to this court, which was granted.

William Hornback being yet alive, whoever has title to his life estate in the land would be entitled to its possession and the rents and profits of it. After the death of Millie Hornback, her husband, William Hornback, holding the land as a tenant by the curtesy, was the owner of the first freehold estate in the land, as he was entitled to occupy and use it during his lifetime, and might convey his estate to another and vest the vendee with the estate which he held. Section 4049, Ky. Statutes, provides that: "Real estate or any interest therein shall be listed in the county or district where situated against the owner of the first freehold estate therein." It is the duty of a life tenant to list and pay the taxes on the land. Creutz v. Heil, &c., 89 Ky. 429; Arnold v. Smith, 3 Bush 163. The land in controversy, for the year 1905, was not listed for taxation against William Hornback, but against B. F. Snelling, guardian of Millie Hornback's heirs. William Hornback was not an heir of Millie Hornback. B. F. Snelling was not the guardian of Millie Hornback's heirs, and the interest which Millie Hornback's heirs had in the land was the remainder interest and not the first freehold estate. Millie Hornback's heirs were infants at the time of the assessment and sale, and by the express provision of the statute, the purchaser, appellant, having failed to give the notice provided for by sections 4156 and 4158, Ky. Statutes, forfeited his right under the purchase, and was not entitled to receive a deed. A deed from a sheriff to a purchaser, to land sold for taxes, vests the purchaser with the fee simple title to the land, if all necessary steps have been taken in making the sale, and the presumption is indulged, that when a sheriff certifies that in a sale of land for taxes that he has done all the things necessary and required by law, that he has done so, but this presumption may be overturned by proof. Section 4030, Ky. Statutes; Metcalfe v. Con., &c., 113 Ky. 751; Hughes v. Owen, 29 R. 140; Husbands v. Palwick, 29 R. 890; Alexander v. Aud, 121 Ky. 105;

Collins v. Lane, 151 Ky. 8. The sheriff who made the sale, in the instant case, however, did not certify the sale to the office of the county court clerk, and while this would not affect the title of the purchaser, if his certificate had ever been filed and recorded in the clerk's office, the deed which he made to appellant was made after his term of office had expired, and when he had no authority to do so. Section 4159, Ky. Statutes. A valid assessment is always a prerequisite to a valid sale of lands for taxes, and a tax deed does not pass the title of any person other than that of the person in whose name the assessment is made. White v. McIntyre, 145 Ky. 59; Johnson v. McIntyre, 1 Bibb 295; Rogers v. McAllister, 151 Ky. 488.

Waiving all other questions in regard to the sale, the land was not assessed against William Hornback, who owned the first freehold estate in the land, and hence the sale did not pass his title to his life estate therein. For the reasons above stated, it seems that the sale of the land for taxes, and the deed made to appellant, subsequent thereto, did not pass the title to any of the interests of the owners of the land.

The appellee, being the plaintiff below and holding the affirmative of the issue as to whether or not he was the owner of the land, must recover, if at all, upon the strength of his own title and not on account of any defect in that of his adversary. Both parties claim title under Millie Hornback, and agree that she was, at her death in 1900, the owner of the land, and hence, it is not necessary that appellant should show title further than to her. The proof shows without contradiction, that Millie Hornback died intestate, and left six infant children surviving her, who succeeded to the ownership of the land upon her death, subject to a life estate therein of William Hornback. The answer of appellant alleges that in 1910 the heirs of Millie Hornback conveyed the land to T. J. Daugherty. The conveyance vested him with title to the remainder interest of the children of Millie Hornback, but leaves William Hornback still the owner of his life estate, and without which the appellee would not be entitled to either the possession or the profits of the land. There is no competent evidence in the record which proves that William Hornback has ever sold or conveyed his life estate in the land to any one. There is some parol evidence to the effect, that he sold and conveyed it to T. J. Daugherty. It is well settled

that parol evidence is not competent to prove the existence or contents of a deed, when it is not shown that the deed has been lost or destroyed. The only way to prove the existence or contents of a deed, which is in existence and within the power of the party undertaking to make the proof, is to produce it. If T. J. Daugherty had no title to the land, the sale of it by the referee in bankruptcy and the purchase of it by appellee at such sale and the conveyance of it to him by the referee would not vest him with any title, as neither William Hornback nor the heirs of Millie Hornback were parties to the proceedings to declare T. J. Daugherty a bankrupt and to settle his estate.

Further, the appellee would not be entitled to the entire use of all the land, unless he is the owner of the life estate of William Hornback. The report of the sale made by the referee in bankruptcy of the interest of T. J. Daugherty in the land shows that only an undivided two-thirds interest in the land was sold and purchased by appellee and only an undivided two-thirds interest in the land was conveyed to appellee, as appears from the deed which the referee in bankruptcy made to appellee. Hence, appellee fails to show title from William Hornback and the heirs of Millie Hornback to any interest in the land, and the only evidence of title exhibited by him is the deed from the referee, which limits his claim to a present undivided two-thirds of the land.

The appellant contends that the judgment against him ought to be reversed, because at the time the appellee acquired his title to the land, that he was then in the adverse possession of it, and hence, the title of appellee is champertous and void. Such claim does not avail anything as against the validity of the sale made by the referee in bankruptcy and purchase by the appellee at that sale, and the conveyance made to him in consequence thereof, as the statute which relates to champertous sales and conveyance does not apply to judicial sales. Carlisle v. Cassiday, 20 R. 562; Arnold v. Stephens, 13 R. 622; Preston v. Breckinridge, 86 Ky. 619. The statute referred to is section 210, Ky. Statutes, and provides, in part, as follows:

"All sales or conveyances, including those made under execution, of any lands, or the pretended right or title to the same, of which any other person at the time of such sale, contract, or conveyance, has adverse possession, shall be null and void." * * *

Hence, if any sale and conveyance was made by William Hornback to any one under whom appellee claims title, prior to the sale and conveyance in the bankruptcy proceedings, at a time when the appellant was in the adverse possession of the land, such sale and conveyance was champertous and void. The evidence in the case, however, fails to prove an adverse possession *in* appellant of the land, at any time. The witnesses state that he was in possession of the land, but whether they intended by their statements to say that appellant was in the actual, adverse possession, or merely that he was claiming a constructive possession under the deed which he held from the sheriff, we are unable to say, and no facts are proven by which it can be determined what character of possession, if any, he had of the land. Only an adverse possession by appellant, as defined by the law, would render void a sale and conveyance of the lands from the Hornbacks to any one else.

For the reasons indicated the judgment is reversed, and the cause remanded for proceedings consistent with this opinion, and the parties may amend their pleadings and further prepare the case, so as to present it for a determination upon its merits, if they desire to do so.