## Bowling v. Little.

(Decided November 15, 1918.)

## Appeal from Jackson Circuit Court.

1. Adverse Possession—Husband and Wife—Divorce.—Where husband and wife each owns the title to a tract of land and the tracts adjoin and have been jointly occupied by them a judgment divorcing the parties absolutely, has the legal effect of entitling each to the possession of his or her tract of land exclusive of the other; and where the judgment of divorce is followed by such restoration of the lands and the divorced wife sells and conveys her land the purchaser cannot be disturbed in his possession thereof by the former husband on the ground that by changing a fence prior to the granting of the divorce and enclosing a small strip of the land with his tract, his possession of same entitled him to hold it against her grantee. In such state of case, his possession did not become adverse to the divorced wife or her grantee.

2. Boundaries—Location of Line.—In this action the only matter involved is the true location of the line dividing the respective lands of the parties; and as the finding of the circuit court that the true line is as claimed by appellee is sustained by the weight of the evidence, the judgment of that court so declaring and dismissing appellant's action, will not be disturbed.

A. W. BAKER for appellant.

H. J. JOHNSON and LITTLE & MOORE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

In this action brought in the court below by the appellant, S. B. Bowling, to quiet his alleged title to a small strip of land and to enjoin the appellee, T. H. Little, from continuing to commit certain alleged acts of trespass thereon, the only matter involved is the true location of the line dividing their respective lands. The circuit court adjudged the appellee to be the owner of the land in controversy and dismissed the appellant's action at his cost. The latter has appealed.

The record does not contain a report of survey or plat of the land or line in controversy, or of the land owned by either party to the action; nor does it even disclose the length of the strip of land in controversy, but it appears from the testimony of one or two witnesses to be twenty or thirty yards in width. It does, however, ap-

pear from the record that the tract of land now owned and occupied by appellee was purchased in 1915 by him of Mrs. Lizzie Bowling, appellant's former wife, who then conveyed it to him by proper deed and that the same land was fifteen or twenty years previously conveyed to Mrs. Bowling by deed from her father, A. A. Gambill. After the conveyance from the father to her, appellant purchased of one Allen the tract of land now owned by him which adjoins and lies north of the tract conveyed Lizzie Bowling by her father, now owned by appellee. It is not clear from the record whether Lizzie Bowling, jointly with appellant, purchased the Allen land or whether it was purchased by him alone, but it is shown that they jointly occupied and cultivated for several years the two tracts of land; and further, that owing to marital discord appellant and Lizzie Bowling separated several years ago and have not since lived together; and that in 1915 they were divorced absolutely. Also, that from the time of their separation down to the time of the divorce they did not live upon either of the tracts of land mentioned or have either tract all the time in actual possession, even by tenants. However, it it admitted by the appellant that, following the divorce, he surrendered to Lizzie Bowling, free of any claim by him, the tract of land which less than a year later she sold and conveyed appellee; and that in like manner she surrendered to appellant the tract of land conveyed him by Allen and which he now has in possession; but whether such restoration of the property from each to the other was made by direction of the judgment of divorce or by the passing of deeds between the parties does not appear. In any event it is agreed that it legally resulted from the judgment of divorce. Sea v. Conrad, 155 Ky. 51. On the state of the record it must be accepted as true, because admitted by the parties, that the land thus taken by appellant was conveyed him by the deed from Allen and the land taken by his former wife was that conveyed her by the deed from her father, A. A. Gambill. The line of division between the two tracts must therefore be located as fixed by the calls of the two deeds mentioned. It seems to be further admitted by the parties that the line of division between the two tracts of land is a line called the "section line" of an old survey known as the Ballard

Smith 40,000 acre patent, which in 1856 was laid off in sections by direction of one Clark, the then owner; and that the deed from Allen to appellant and those from Gambill to Lizzie Bowling, and from the latter to appellee, all call for and make the section line the division line between the lands of appellant and appellee. In our opinion the true line dividing the lands of these parties, known as the "section line," is as shown by the survey made by C. A. Baker and set forth in his deposition. Baker's competency as a surveyor is not questioned and he was employed by appellant and appellee, at the suggestion of the former, to make the survey. Baker's survey and deposition conclusively show that the line in dispute is as claimed by appellee; and that it is the "section line" or true line of division between their lands does not seem to be denied in the deposition of appellant; his principal claim therein being that as fifteen or twenty years ago he built a fence in a straight line from one of his fields to another, which threw a part of the land in controversy in the enclosure, this had the effect of changing the line so as to give him the land in question by adverse possession. According to the great weight of the evidence the building of the fence was with no such object, but solely for the purpose, then avowed by him, of connecting two fields by a straight fence and cleaning, by its cultivation, the bushes and filth from the old fence row. He and his wife were then jointly holding and occupying his land and hers, and any possession by him of that part of her land he may have enclosed being equally her possession, could not legally have been adverse, but was altogether amicable as to her. Moreover, as previously stated, the judgment of divorce had the legal effect of entitling her to the restoration of the whole of her land formerly held by him, including that enclosed by the fence he had erected, although the judgment may not have expressly so directed, and if there had been any satisfactory proof of the actual possession by him of the land in controversy when it was purchased by appellee from Lizzie Bowling shortly after the divorce, such possession was not adverse to her or to appellee as her grantee. Hence, neither his claim of title to the strip of land in controversy by adverse possession of fifteen years nor his reliance upon the statute against champerty, pleaded, can avail him in

this case. The only way he could show himself entitled to the strip of land would be to prove that the ''section line'' which divides his land from appellee's is on or with the fence built by him. This he failed to do. On the contrary, the great weight of the evidence locates the line of division as claimed by appellee and fixed by Baker's survey and the judgment of the court. The evidence failed to show any actual adverse possession of the land in controversy by appellant for fifteen years; and whatever possession he had was surrendered to his divorced wife with the restoration of her land, now owned by appellee, which is divided from his land by the ''section line'' as fixed by the court and not by the fence erected by him. As the rights of the parties were correctly determined by the circuit court, the judgment is affirmed.