## Sandlin v. Baker et al.

(Decided March 1, 1932.)

J. H. ASHER for appellant.

J. M. MUNCY and M. C. BEGLEY for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This appeal involves the right of possession and the title of Eller Sandlin to 100 acres of land situated on the main middle fork of the Kentucky river in Leslie county, Ky. She claims, under the law of descent, the title of her father, Elijah Sizemore. The title to the land was originally in Joe Murrell who died in the year 1871. He owned at the time of his death the 100 acres and other lands which were sold under a judgment of court

to pay his debts. His widow, Polly Murrell, bid it in at the master commissioner's sale. She was unable to pay the purchase price. In consideration of her son-in-law, Dixon, paying for her the purchase price, she placed Dixon and his wife, Mary Jane Dixon, who was the daughter of Polly Murrell, in possession of the 100-acre tract. It is not clear from the record whether a deed was executed and delivered by the master commissioner of the court to Polly Murrell conveying her the 100-acre tract. At Polly Murrell's death, she left five children, including Mary Jane Dixon. It is claimed by the appellant that a division of Polly Murrell's land was made among her five children, and that the 100-acre tract was allotted to Mary Jane Dixon. She and her husband, Frank Dixon, were living on the 100-acre tract at the time of the division. Frank Dixon died, leaving surviving him his widow, Mary Jane, and Nannie Dixon, his daughter, who married Elijah Sizemore. Thereafter Elijah Sizemore died; surviving him were his widow, Nannie, and his daughter, Eller Sizemore, the appellant, who afterwards married Sandlin. After the death of Elijah Sizemore, his wife and daughter resided on the 100-acre tract.

It is claimed by the appellant that the 100 acres was listed for taxation in the name of Mary Jane Dixon and sold for taxes, when Abner Eversole bid for it. She further claims that Abner Eversole obtained a sheriff's deed to it, conveying it to him, and that he, by deed, conveyed it to Elijah Sizemore, her father.

It is the contention of appellee that Frank Dixon owned the 100 acres when it was listed and sold for taxes, and that Mary Jane Dixon did not own it at any time, and that the sheriff's deed, if any was ever executed to Abner Sizemore, only conveyed the right of occupancy of Mary Jane Dixon, which the appellee contends was merely a right to occupy it as the widow of Frank Dixon. It is further insisted by the appellee that, even if the land were owned by Mary Jane Dixon, listed in her name, and sold as her property to pay her taxes, the evidence herein establishes beyond controversy that, at the time of the sale by the sheriff to pay her taxes, she had ample personal property located on the land subject to the payment of her taxes, and therefore the sale of her real estate to pay her taxes under these circumstances was unauthorized by law, and void.

It is unnecessary to determine whether Eller Sandlin or Nannie Baker is correct in her statement of the history of the title to the 100 acres. If the title to the land was in Frank Dixon and it was listed for taxation in his widow's name, the sale thereof to pay her taxes passed no title as against the daughter of Frank Dixon. Rogers v. McAlister, 151 Ky. 488, 152 S. W. 571; Anderson v. Daugherty, 169 Ky. 308, 183 S. W. 545.

If Mary Jane Dixon was the owner of the land, and it was sold to pay her taxes, no deed was executed and delivered by the sheriff to Abner Sizemore, the alleged purchaser; therefore the title of appellant must fall for the reason no such deed appears in the record. In the absence of a showing of adverse possession, it was incumbent upon appellant to show title derived from a common source or from the commonwealth. Noe v. Russell, 213 Ky. 746, 281 S. W. 1033; May v. C. & O. R. R. Co., 184 Ky. 493, 212 S. W. 131; Crawford v. Crawford, 231 Ky. 675, 22 S. W. (2d) 93; Gray v. Wells, 239 Ky. 432, 39 S. W. (2d) 651.

If Elijah Sizemore, the husband of Nannie Dixon, purchased and obtained a deed to it from Abner Sizemore when his (Elijah Sizemore's) wife was the owner thereof, his deed to it was void as to the wife. A husband cannot acquire adverse title to his wife's land during coverture. Gambrell v. Gambrell, 167 Ky. 734, 181 S. W. 328; Green v. Jones, 169 Ky. 146, 183 S. W. 488; Bowling v. Little, 182 Ky. 86, 206 S. W. 1; Mize v. Boston, 185 Ky. 275, 215 S. W. 33.

If the land was owned by Mary Jane Dixon, listed in her name for taxation, and sold by the sheriff to pay her taxes when she had ample personal property on the premises out of which the taxes could have been collected, and it is so proven and not controverted, the sheriff's sale of her land for taxes under these circumstances was void, and passed no title to Abner Sizemore, even though the sheriff had executed and delivered a deed to him. Brachey v. Peddicord, 199 Ky. 75, 250 S. W. 511; section 4149, Ky. Statutes.

Viewing the case from the showing made by the appellant or that of the appellee, the appellant is not entitled to recover.

Wherefore the judgment is affirmed.