## Howard v. Turner et al.

June 10, 1941.

White & Clark and Ben B. Wright for appellant.

John T. King for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

· In the year 1909 Rhoda Turner executed a deed purporting to convey to her then husband, Joe T. Turner, a parcel of land in Trigg county Kentucky containing about 110 acres. Mrs. Turner and her husband continued to live on the land, occupying it as their home and using it for farming purposes until the death of Mrs. Turner which occurred in June, 1927. Thereafter, Joe T. Turner continued to live on the land and use it in the manner and for the purpose that he and Mrs. Turner had theretofore used it, until his death which occurred in November, 1936. He left a will by the terms of which he devised on acre of the land to Roy Turner and the rest of it to Ed Y. Turner. In September, 1938, Ed Y. Turner conveyed 55 acres of the land to Taylor Underhill.

In March, 1940, the appellant, Henry Howard, brought this action in the Trigg circuit court against Ed Y. Turner, Roy Turner and Taylor Underhill, seeking to recover the land from them. Plaintiff alleged, in substance, that he and Rhoda Howard Turner were brother and sister, the only children of their parents, Alex Howard and Sallie Howard, now deceased; that Rhoda Howard Turner died intestate in June, 1927, and at the time of her death she was the owner in fee simple and in possession of the 110 acre tract of land described in the petition and, at the time of her death he, plaintiff, and Joe T. Turner, her husband, were her next of kin and only heirs at law; that from the time of Rhoda Howard Turner's death until the death of Joe T. Turner in November, 1936, the latter had the possession, use and enjoyment of his deceased wife's land as tenant by courtesy. Plaintiff further set out the deed of 1909 by which Mrs. Turner attempted to convey the land in question to Joe T. Turner, but alleged that the said deed was null and void and of no effect. Plaintiff also set out the deed from Ed Y. Turner to Taylor Underhill and alleged that Ed Y. Turner, Roy Turner and Taylor Underhill were in possession of the respective portions of the land indicated above and were wrongfully withholding the possession and use of same from the plaintiff. Plaintiff further set out the rental value of the land for the time defendants had been in possession of and using the same and asked to recover damages therefor in a specified sum; also, that certain of the defendants had sold and conveyed certain timber from the land and asked to recover the value therefor. However, since the question of rental value for the use and occupancy of the land and the cutting and taking timber therefrom is not before us in this appeal, it becomes unnecessary to further discuss those phases of the case.

Ed Y. Turner filed his answer denying that plaintiff was the owner of or entitled to the possession of the land in question and further denied other material allegations to the petition. He further pleaded affirmatively that Rhoda Turner conveyed the land to Joe T. Turner for a consideration of $800 and pleaded the will of Joe T. Turner by which he devised the land to Roy Turner and Ed Y. Turner, and alleged that he was the owner of the land except the portion devised to Roy Turner and the 55 acres which he (Ed Y. Turner) had conveyed to Taylor Underhill. He further stated that

he and Joe T. Turner, deceased, under whom he claims had had the open, notorious and adverse possession of said land since February, 1909, the date of the deed from Rhoda Turner to Joe T. Turner, and further pleaded both the thirty year and the fifteen year statute of limitations. He further alleged that Rhoda Turner died in January, 1927, and that if the plaintiff ever had any cause of action against the defendant same was barred after the expiration of three years from the time of the death of Rhoda Turner, and pleaded and relied upon the three year statute of limitations, Section 2506. He further denied all the material allegations of the petition in reference to the rental value and use of the land and the allegations concerning the cutting and removing of timber therefrom and pleaded other affirmative matters which were controverted by reply.

The defendants Roy Turner and Taylor Underhill filed their respective answers, the substance of which is about the same as that of Ed Y. Turner. They pleaded and relied upon the possession of the land by Joe T. Turner since the purported deed of conveyance to him by his wife, Rhoda Turner, executed in 1909; the will of Joe T. Turner devising the respective portions of the land to Roy Turner and Ed Y. Turner; the deed of conveyance from Ed Y. Turner to Taylor Underhill, and also pleaded the same statute of limitations pleaded and relied on by Ed Y. Turner. They further pleaded certain affirmative matters, not necessary to discuss, which were controverted by reply.

The pleadings presented an issue of fact upon all questions except the statute of limitations and perhaps certain conclusions of law by the various pleaders. Before any evidence was taken the case was submitted to the court on the demurrer of the plaintiff to the plea of limitations of the defendants, which demurrer the court overruled. The plaintiff failed to plead further and the court entered judgment adjudging that plaintiff's claim was barred by all three of the statutes of limitations pleaded and relied on by the defendants and dismissed the petition. Hence, this appeal.

It is not seriously, if at all, contended for appellees that the deed from Rhoda Turner to her husband, Joe T. Turner, conveyed or passed any title to Joe T. Turner, since it is the well known law in this state that an attempted conveyance from a married woman to her hus-

band, or to anyone else, in which the husband does not join as grantor, is absolutely void and passes no rights or titles to the purported grantee. This law is too well known to the legal profession to require citation of authority.

The argument for appelles in support of the chancellor's judgment is that since Joe T. Turner, the named grantee in the deed, remained in possession of the land, using and claiming it as his own since the execution of the deed from his wife to him in 1909, the statute of limitations then began to run against Rhoda Turner and such possession by Joe T. Turner ripened into title after fifteen years from the time of the execution of the deed. This presents the question of whether or not the deed of Mrs. Turner to her husband, together with his remaining on the land jointly with Mrs. Turner, afforded to Mrs. Turner such cause of action against which the statute of limitations started to run. Or, stated differently, was Joe T. Turner's possession of the land exclusive, adverse and hostile to that of his wife? In Fordson Coal Company v. Mills, 234 Ky. 64, 27 S. W. (2d) 382, it is held that in order for adverse possession to ripen into title it must be for fifteen years, exclusive, open, notorious and unbroken. Also, in Prewitt v. Bull, 234 Ky. 18, 27 S. W. (2d) 399, in addition to the rule enunciated in the case supra, it is further held that the possession must be such as would authorize an action in ejectment. We do not think it could be contended with any force or reason that either the husband or wife could maintain an action in ejectment against the other, nor indeed an action for forcible detainer, when they are living together on the land and occupying and using it jointly. In such state of facts the possession of neither of the joint occupants could be exclusive, adverse or hostile to the other, which are necessary elements to give right to a cause of action in ejectment. And, for the same reason neither could maintain an action against the other for a forcible detainer.

The only action which might have accrued to Rhoda Turner in her lifetime was an action quia timet which she might have brought, within her discretion, but her failure to do so did not start the statute of limitations to running against her title, since a cloud upon title continues to operate during the period of its existence and, therefore, the right to maintain an action to quiet

title is a continuing one to which limitations is not applicable. Williams et al. v. Thomas, 285 Ky. 776, 149 S. W. (2d) 525; Superior Oil Corporation v. Alcorn, 242 Ky. 814, 47 S. W. (2d) 973.

In 1 Am. Jur., Section 84, the rule is thus stated:

"The rule is well settled that, at least in the absence of possession under color of title, neither a husband nor a wife can acquire title by adverse possession, as against the other, of lands of which they have the joint use or are in joint occupancy during the continuance of the marriage relationship. Even if it is conceded that a husband or wife under any circumstances can acquire title to lands of the other by adverse possession, certainly neither can do so by having a joint possession with the other, since one of the essential elements of adverse possession is that the possession must be exclusive, and two persons cannot hold the same property adversely to each other at the same time. The possession of either spouse, held because of the marital rights, and not under an independent title or color of title, will inure to the benefit of the other."

We find that the rule in this jurisdiction is in harmony with the general rule quoted supra, and has been since the case of Meraman's Heirs v. Caldwell's Heirs, 8 B. Mon. 32, 47 Ky. 32, 46 Am. Dec. 537, which opinion was rendered in 1847. Other domestic cases following the one supra are numerous but we will not encumber this opinion by attempting to cite all of them. See, Green et al. v. Jones et al., 169 Ky. 146, 183 S. W. 488; Bowling v. Little, 182 Ky. 86, 206 S. W. 1; Gambrell v. Gambrell et al., 167 Ky. 734, 181 S. W. 328; Sandlin v. Baker et al., 242 Ky. 645, 47 S. W. (2d) 55; Superior Oil Corp. v. Alcorn, supra.

Many other cases, domestic and foreign, might also be cited but since the authorities, supra, are conclusive that the statute of limitations did not run against Rhoda Turner because of the purported deed to Joe T. Turner and his occupancy and possession of the land, it becomes unnecessary to further encumber this opinion by citing cumulative authorities on this point.

It is next insisted that in any event plaintiff's cause of action, if any he ever had, was barred three years after the death of Rhoda Turner, and to support his con-

tention Section 2506, Kentucky Statutes, 1930 Edition, which was the law in force at that time (previous to the amendment to that section by Chapter 45 of the 1934 Acts of the General Assembly), is relied on. That section of the Statutes deals with instances where a cause of action has accrued to a person but not asserted because of the disabilities mentioned therein, and in such case the person claiming through such person may bring his action within three years after the disability has been removed.

Since no cause of action of any sort accrued to Rhoda Turner in her lifetime, it results that the statute, supra, is not applicable to the facts in this case. Nor, did any cause of action accrue to the plaintiff until after the death of Rhoda Turner. Meraman's Heirs v. Caldwell's Heirs, supra. It follows, therefore, that this case is governed by Section 2505 of the Statutes, commonly known as the fifteen year statute of limitations, and since plaintiff's action was brought within fifteen years after the death of Rhoda Turner, it is not barred by any statute of limitations.

It follows from what has been said that the chancellor should have sustained plaintiff's demurrer to defendants' plea of limitations. Since the question of limitations is the only one before us we express no opinion on other questions raised or other phases of the case, all of which are reserved.

For the reasons stated, the judgment is reversed and remanded with directions to set it aside and sustain plaintiff's demurrer to defendants' plea of limitations and for proceedings consistent with this opinion.