CASE 61.—ACTION BY W. W. HATCHER AND OTHERS AGAINST H. S. HOWES AND OTHERS.—May 27, 1910.

## Hatcher, &c. v. Howes, &c.

Appeal from Johnson Circuit Court.

A. J. KIRK, Circuit Judge.

From the judgment in favor of Howes plaintiff appeals and defendant, Howes, prosecutes a cross-appeal.—Affirmed.

1. Taxation—Listing Property—Designation of Owners.—Where certain real estate had for years been listed for taxation to the "Hatcher heirs," and it was not shown that any other property was so listed, or that there were any other Hatcher heirs in the county than those owning the property in question, the assessment sufficiently described the owners of the land; the rule being that an assessor is only required to so list property as to enable the sheriff to identify it.

2. Taxation—Tax Sale—Redemption—Notice.—Under Ky. St. section 4156, providing for the redemption of land sold for taxes, and declaring that, if the lands of a married woman are not redeemed within five years from the reception of notice to be given by the purchaser, the sale shall become absolute, a purchase of land, in which married women are

interested, at a tax sale is invalid to confer title as to their interests until such notice has been given; but a failure to give the notice does not affect the purchaser's title as to the undivided interests of others.

3   Taxation—Tax Sales—Partial Invalidity—Improvements.— Where a sale of land for taxes was valid as to certain undivided interests, and void as to others, the interests of those as to whom the sale was void were chargeable only with such expenses made by the tenant in possession as were necessary to preserve and protect the property, and charges on the land by operation of law, such as taxes, assessments for municipal improvements, etc.

AUXIER & AUXIER for appellants.

VAUGHN, HOWES & HOWES for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Appellants, claiming to be the owners of an undivided interest in a lot in Paintsville, Ky., brought suit in the Johnson circuit court for its sale and distribution of the proceeds among the respective owners. In the petition the appellee Howes is alleged to be the owner of the remaining eighth interest. He was made a party defendant. In his answer Howes claimed title to all of the lot under and by virtue of a tax sale made in 1895. He denied that the plaintiff owned any interest whatever in the property. He further pleaded that since his purchase of said property he and his vendor had made valuable and lasting improvements thereon, and he asked, in the event his title be held defective in any particular, that he be adjudged a lien on the lot for the value of the improvements put thereon and the amount of taxes paid by him. In subsequent pleadings issue was joined on the question of the validity of the tax sale and the value of the improve-

ments put upon the property. Proof was taken, and, upon final submission for judgment, the court held that the plaintiffs were the owners of an undivided 13-48 interest in the said lot and the defendant Howes the owner of the remaining 35-48 thereof. He further held that said lot was in lien to said Howes in certain specified sums for taxes paid and improvements put thereon; that these sums were to be reduced by the reasonable value of the rent of said lot during the time he had it in possession. Judgment was entered in accordance with this finding. Plaintiff appeals from so much of the judgment as is in Howes' favor, and Howes prosecutes a cross-appeal from that portion of the judgment awarding to the plaintiffs 13-48 of the lot. '

This property was owned by Thomas A. Hatcher, who died a resident of Floyd county in 1850. He left surviving him eight children, part of whom were living at the time this land was sold for taxes, and those who had died left children surviving them. Little or no attention was paid to this property for many years following the death of James A. Hatcher, though it is shown that his son, James H., for a time at least, paid the taxes on it. In 1895 it was advertised and sold for the taxes due thereon for the years 1891, 1892, 1893, and 1894, and Mary L. Hatcher, wife of James H. Hatcher, became the purchaser thereof for the sum of $12.38. Under this purchase, she held the property until in 1900, when she received a deed from the then sheriff of Johnson county for it. Shortly thereafter she sold and conveyed it to H. S. Howes for $175, and he took possession of and has since held it. In 1907 this suit was brought by the plaintiffs, same being all of the heirs at law of James A. Hatcher, except his

son James H. Hatcher, upon the theory that Mary L. Hatcher, being the wife of James H. Hatcher, who was one of the heirs, acted as agent for her husband in the purchase of the lot when sold for taxes in 1895, and that, therefore, no title passed, and that the deed which she received from the sheriff did not enlarge her husband's interest in the property, nor have the effect of depriving the remaining heirs of their interest therein, and that the deed which she and her husband made to the appellee Howes conveyed to him only the undivided one-eighth interest in the property which was owned by James H. Hatcher as heir at law of his father.

While there is some question made as to the amount of taxes paid and the value of the improvements put upon the property, the main question raised upon this appeal is the validity of this tax title. It is assailed upon many grounds. First, it is charged that it was not properly assessed, it being listed under the title of "Hatcher heirs;" second, that the proper steps were not taken by the sheriff prior to the date of sale to invest the purchaser with a good title; and, third, that no notice was given by the purchaser, Mary L. Hatcher, to three of the plaintiffs who were at that time married women, as required by section 4156, Ky. St. The objection that the property was not properly listed comes with poor grace from the owners. The law imposes upon all property owners the duty to list their property, either with the assessor or with the clerk, and when the property, as in this case, is an estate, it would be exacting almost the impossible to expect that it should be listed in the names of the owners. When the assessor lists it so as to enable the sheriff to identify it, the purpose of the law is satisfied. It

is shown that for years the lot in question had been listed to "Hatcher heirs." It is not shown that any other property was so listed, or that there were any other "Hatcher heirs" in Johnson county than those of James A. Hatcher. Hence, while the assessor did not give the best description of ownership possible, it was sufficient for all practical purposes, and under it the state and county were enabled to identify the property and collect the taxes. If the appellants had desired that the ownership of this property be more definitely set out by the assessor, they should have taken enough interest during the years that they were permitting the taxes to remain unpaid to advise him as to how it should be listed, to wit, in the name of the heirs of James A. Hatcher. In the absence of any assistance from the owners, all that can be expected or exacted from the assessing officer is that he shall describe the ownership as best he can. This seems to have been done, and, as it is not charged that the taxes for which this property was sold were chargeable to other property, we fail to see wherein any ground of complaint is afforded appellant because it was listed to "Hatcher heirs" rather than to the heirs of James A. Hatcher.

As to the second ground of complaint, it is shown that the sheriff, before advertising said property for sale, notified James H. Hatcher in writing of the amount of taxes due, and that sale of the property would be made to satisfy same unless paid. None of the other heirs appear to have been known to the sheriff. James H. Hatcher had been paying the taxes theretofore, and, when he refused to pay, the sheriff proceeded to advertise a sale. It appears that the sale was regular, and, if the purchaser thereunder complied with the statutory requirements,

her title would be perfect; the time within which it might have been redeemed having expired. Following her purchase she gave no notice to any of the heirs at law of James A. Hatcher of her purchase. Of course, her husband, who was one of the heirs and owned an undivided eighth interest in the lot, had actual notice of her purchase. He not only knew that she had bought the lot, but also that she had taken possession of it. It is not shown that any of the other joint owners of the lot upon whom notice could be served lived in Johnson county. It appears from the pleadings and proof that three of them, to wit, Isabella C. Morrell, Ella Reynolds, and Cordelia A. Porter, were at the date of the tax sale married women, and although it is not shown that the purchaser, Mary L. Hatcher, knew this fact, or knew where they lived, it is conceded that she gave them no notice of her purchase, as provided by section 4156, Ky. St. On this showing the chancellor held the tax sale void as to these three heirs, and adjudged that they jointly owned an undivided 13-48 of the lot, and that they were chargeable with their proportionate share of the cost of taxes and improvements. This ruling was in strict conformity with the statutory provision in so far as it held the tax sale void as to them. This provision of the statute is mandatory, and the sale, at least in so far as the interests of the married women are concerned, is absolutely void, because the notice provided for was not given. The purchaser acquires by his purchase of the land of a married woman at tax sale only an equity, which he can perfect by giving to her and her husband, within the time fixed by section 4156, a notice to the effect that he has bought the land from the sheriff at tax sale. The statute

imposes upon such purchaser this duty, and only by complying with the provisions of this section of the statutes can he perfect or validate his purchase. When it is affirmatively pleaded and proven that such notice was not given within the time prescribed, the purchaser is without remedy, and the sale is void. The chancellor correctly so held.

But it is insisted that, as the sale is void as to the married women, it is void alike to all, and that no interest whatever passed to the purchaser by virtue thereof. This, however, is not necessarily so, and a fair interpretation of the language of the statute does not require such construction. The interests of the respective owners are severable and known, and, where the statute imposes upon the purchaser the performance of certain duties in order to perfect his title to certain interests in the land, a failure to discharge these duties, while necessarily operating to deprive him of title to such interests, should not be construed to defeat his title to those interests owned by persons to whom he owes no such duty in order to perfect his title thereto. The statute under consideration deals alone with the way in which the title of a married woman to real estate sold for taxes may be taken from her and vested in the purchaser. It has no bearing or effect where the owner is under no disability. When a contract is severable and a part capable of being carried out or performed, and part not, the valid portion thereof will be enforced, unless against public policy or in violation of some statute. In the case before us the appellee's vendor purchased the entire lot, and, because she failed to give the notice required by section 4156, the sale is void as to certain interests therein, which interests amount to 13-48 of the

whole.   But this furnishes no good reason for in-
validating the sale as to the remaining interests,
and the trial court did not err in so holding.   All
claims for taxes paid by James H. Hatcher prior
to the sale of the property for taxes in 1895 were re-
jected by the lower court; but, as the appellee is not
complaining of this ruling, it is unnecessary to re-
view this action of the court.

This brings up the question:   Should the interests
in the lot which did not pass under the tax sale be
charged with their proportionate share of the costs
of the improvements, etc.?   This expense, for con-
venience, may be divided into two classes:   First,
those items which the tenant in charge voluntarily
made; and, second, those which were imposed upon
the property by operation of law, such as taxes, as-
sessments for construction of pavements, sidewalks,
etc.   As to the first class, we are of opinion that the
appellants are properly chargeable therewith only
so far as they were necessary to preserve and pro-
tect the property.   If, in order to rent out the prop-
erty, it became necessary to make certain improve-
ments, such as fencing, the necessary outbuildings,
etc., which improvements inured to the benefit of all
of the owners of the lot and enhanced its value, then
they should all share in the expense thereof.   The
evidence upon this point, while meager, is sufficient
to authorize and support the finding of the chan-
cellor to the effect that the appellants should bear
their just proportion thereof.   As to the latter class,
the land itself was answerable therefor, and all of
the owners are properly chargeable therewith.   The
chancellor fixed the reasonable rental value of the
lot, while it was in the possession of appellee at $175,
and he directed this sum deducted from the claims

which he allowed appellee for taxes, improvements, etc.

Upon the whole case, we are satisfied that the conclusion which he reached as to the moneys expended by appellee in improvements upon the property does justice as between the parties. There is a charge in the pleadings that the sale of this property to Mary L. Hatcher was the result of a fraudulent agreement and understanding between the then sheriff, Howes, and James H. Hatcher and his wife; but this allegation is wholly unsupported by the proof.

Being of opinion that the chancellor reached the right of this case, his judgment is affirmed.