# White, et al. v. McIntosh, et al.

(Decided October 20, 1911.)

## Appeal from Estill Circuit Court.

1. Tax Sale—School Taxes—Sale by Sheriff—Presumption of Authority.—Where the sheriff sells property for school taxes, the presumption is that he was authorized to do so, and the burden is upon the party attacking the sale to show the contrary.

2. Invalid Sale—Purchaser—Lien Section 4036 Kentucky Statutes.—Where a tax is void because of irregularities, the purchaser is entitled, under Section 4036, Kentucky Statutes, to a lien on the property for the amount of taxes and costs paid by him, for which the property is liable with interest from the time of payment,

R. W. SMITH, KELLY KASH, for appellants.

CLARENCE MILLER for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Elmer White occupied a house and lot, in Estill County, Kentucky, belonging to his father, J. B. White. The property was assessed in the name of Elmer White for State and county taxes due for the years 1903, 1904 and 1905. The property was also assessed for certain school taxes due for the years 1903 and 1905. It was advertised and sold for the taxes due for the foregoing years, and plaintiffs, Dudley McIntosh and Pleasant B. McIntosh, became the purchasers. Thereafter the sheriff of Estill County executed, acknowledged and delivered to them a deed to the property, bearing date of March 12th, 1908. Plaintiffs brought this action against Elmer White to recover the property, or in lieu thereof the amount of the purchase price, together with interest and costs. Upon a plea of Elmer White that he was not the owner of the property, but that it belonged to his father, J. B. White, the latter was made a party defendant and called upon to make defense. This he did by charging certain irregularities in the sale and by a plea to the effect that he himself had paid all taxes due on the property. Upon submission of the case the court gave judgment for plaintiffs for the sum of $15.19, being the amount of the purchase price together with the interest

and costs. From that judgment this appeal is prosecuted.

J. B. White contends that in no event could his property be made liable for taxes due by another. That is not the case here presented. The State and county taxes, while assessed in the name of Elmer White, were taxes against the property itself. In so far as the record shows, the school tax was also levied against the property, as provided by section 4443 of the Kentucky Statutes. Under that section, where any one appointed treasurer fails to qualify within thirty days after his appointment, or where the conditions are such in any school district that the board of trustees deem it preferable for the sheriff to make collection of the local taxes made and levied in aid of said school district, it is made the duty of the sheriff to collect the taxes; and to this end he is authorized to proceed in the same manner as in the collection of other taxes. Under the law now in force in this State the possession of a tax deed makes out a prima facie case, and the presumption is, in the absence of proof to the contrary, that the officer did all that he was required to do. The burden is on the party who assails the tax deed to allege and prove the invalidity of the sale. Husbands v. Polivick, et al, 29 Ky. Law Rep., 890.

Appellants insist that there is nothing in the record to show that the sheriff had the right to sell the property in question for school taxes. Under the rule above laid down, however, he having made the sale for school taxes, it will be presumed that he was authorized to do so, unless the contrary appears. While it is true that the property was erroneously assessed in the name of Elmer White and there was evidence tending to show that the sale was not properly advertised, yet it must be remembered that the trial court did not sustain the tax sale and adjudge plaintiffs to be the owners of the property, but simply awarded them a lien for the purchase price and interest. This he did under the authority of section 4036 of the Kentucky Statutes, which was enacted for the purpose of meeting a case like this, and which is as follows:

"Whenever any person shall purchase property sold for delinquent taxes, and the sale shall be set aside because of any irregularity, the purchaser shall have a lien on the property for the amount of taxes and cost paid by

him, and for which the property is liable, with legal interest from the time of such payment, which may be recovered from the owner or person owning the same."

As to the plea of payment, appellant J. B. White admits that he owned two lots in the precinct where the lot in question was located, but claims that they were assessed together as one piece of real estate, and that by paying the taxes on this assessment he paid upon the property in question. The evidence of the assessor and sheriff, however, is to the effect that J. B. White was assessed only upon one tract of ground, and that a separate assessment of the other tract occupied by his son, Elmer White, was made in the latter's name. Upon this question of fact we see no reason to disturb the finding of the lower court.

Judgment affirmed.