## Mullins v. Rader.

(Decided September 23, 1924.)

### Appeal from Jackson Circuit Court.

1. Taxation—Sale on Assessment in Name of Vendor, where Vendee had Paid Taxes, Held Void.—Sale of land on assessment of taxes in name of one who had sold the land to another under title bond, vendee having given in such land for taxes for year and having paid them, was void, in view of Ky. Stats., sections 4019, 4021, 4023.

2. Evidence—Title Bond was Best Evidence that One Held Title Under it.—Title bond was best evidence that one held title under it.

3. Appeal and Error—Objection to Evidence in Deposition was Waived, where Not Presented to Trial Court.—Objection to question and answer indicated in a deposition at foot of witness' answer was waived, where not presented to or passed on by circuit court.

4. Taxation—Purchaser Under Void Assessment Held Not Entitled to Lien for Amount of Taxes Paid.—Where land was properly

given in for taxes by owner of equitable title and taxes were paid by him, but the land was sold for taxes under a void assessment in the name of the owner of the legal title, the purchaser was not entitled to a lien on the property for amount of taxes which he paid to auditor under tax sale, in view of Ky. Stats., section 4036.

J. R. LLEWELLYN for appellant.

J. C. LITTLE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

William R. Rader received a deed from James H. Pennington on December 28, 1916, for the tract of land in controversy. The auditor of public accounts conveyed the land on November 25, 1919, to E. L. Mullins, who purchased it at a tax sale made by the auditor under an assessment of taxes for the year 1916, in the name of James H. Pennington, and a sale for these taxes made by the sheriff. Rader showed that Pennington in 1913 sold the land by title bond to Charles Bond and that Bond gave in the land for taxes for the year 1916 and paid the taxes, and thereafter Pennington, pursuant to the bond executed to Charles Bond, made the deed to him on December 28, 1916. It appears that the land had been properly assessed in the name of Charles Bond and taxes paid by him for the year 1916. The circuit court held that the subsequent sale of the land upon the assessment in the name of Pennington was void and dismissed Mullins' petition. He appeals.

By section 4019, Kentucky Statutes, an annual tax of forty cents is levied. By section 4021 the Commonwealth and each county and taxing district shall have a lien on the property assessed for the taxes due them respectively. By section 4023 the holder of the legal title and the holder of the equitable title are liable for the taxes thereon, but as between themselves it shall be the duty of the holder of the equitable title to list the property and pay the taxes thereon.

Charles Bond, being the holder of the equitable title, properly listed the property in his name and properly paid the taxes. The state imposed one tax, and that tax having been paid under a proper assessment there was no authority to make another assessment of the same property for the same tax. The assessment in the name of Pennington was void and the sale made thereunder

passed no title. Charles Bond, after he had properly assessed the property and paid the taxes, did not lose his property by the invalid assessment of the same property in the name of Pennington.

It is insisted that there was no competent evidence that Charles Bond held a title bond for the property. Rader so testifies in his deposition, but he did not file the title bond with his deposition. The title bond was the best evidence. The parol testimony as to the title bond was not the best evidence. At the foot of Rader's answer in the deposition are these words: "Defendant objects and excepts to the above questions and answers;" but this objection was not presented to the circuit court and was not passed on by the circuit court. This was a waiver of the objection and the failure to produce the best evidence cannot be relied on in this court. Fears v. United Loan, etc., Bank, 172 Ky. 258.

It is also objected that in any event Mullins should have been adjudged a lien upon the property for the amount of the taxes which he paid to the auditor under the tax sale; but by section 4036, Kentucky Statutes, the purchaser is only given a lien "for the amount of taxes and cost paid by him and for which the property is liable." The property was not liable for the taxes assessed on it in the name of Pennington after it had been assessed in the name of Charles Bond and Bond had paid the taxes. The property not being liable to the state, Mullins by his purchase acquired no lien under the statute. The circuit court properly adjudged the property to Rader and properly dismissed Mullins' petition.

Judgment affirmed.