## Shawler, et al. v. Carter.

(Decided June 25, 1926.)

### Appeal from Hardin Circuit Court.

1. Wills.—Devise to son in trust for his wife and chidren held to create in son only interest of bare trustee, with right to support from trust estate.

2. Taxation.—Mortgage on personal property does not relieve sheriff from subjecting it to tax claim against real estate.

3. Taxation.—Where property is listed and sold in name of trustee not real party in interest, purchaser at tax sale does not acquire title, but merely lien for amount of taxes, interest and penalties.

4. Taxation.—Where tax for which land of trust estate was sold included poll tax assessed against trustee, sale and deed were both void.

5. Taxation.—Purchaser under void tax sale and deed is entitled only to lien for lawful taxes paid by him with interest, penalty and cost.

J. E. WISE for appellants.

HAYNES CARTER and H. L. JAMES for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Having purchased about 150 acres of valuable farming lands at a tax sale, appellee, Haynes Carter, instituted this action in the Hardin circuit court, against W. A. Shawler, trustee, and his wife, Mattie Shawler, and their several children, including two infants, to obtain possession of the lands so purchased, claiming to be the owner of the fee simple title by reason of the sheriff's tax deed. Appellants answered and denied Carter's ownership and right to the possession of the land upon several grounds, some of them being that the lands sold for taxation were never properly listed for taxation in the name of true owners; that the property was listed in the name of W. A. Shawler, trustee, while the owners were Jennie R. Burnett and others; that the sheriff did not file in the office of the clerk of the Hardin county court, before the sale, an affidavit in writing as required by law, showing that the owners of the land did not have sufficient personal property in the county to satisfy the taxes at the time they became due for the years 1919, 1920 and 1921; that the sheriff did not tender a receipt to the taxpayer and demand the money before he advertised and sold

the lands, and did not send a postcard to the delinquent fifteen days before the sale giving notice of the time and place of sale as required by law and that the sale was made for more than the true amount of the taxes, penalty and cost. There was an affirmative averment that there was ample personal property in Hardin county at the time the taxes became due belonging to the owners of the real property attempted to be sold out of which the taxes could and should have been made by the sheriff. There were several other reasons assigned why the tax deed was invalid all based upon irregularities in the proceeding leading up to the sale. To avoid costs the parties stipulated the facts, which in part read: "It is agreed that the land sold herein was listed in the name of W. A. Shawler for Shawler estate in the year 1918 for the 1919 taxes, and that the tax accruing for that year amounted to the sum of $216.65, which included a poll tax of $2.00." For the next year the taxes were $188.30, and for the third year $213.69, making a total with interest, penalties and cost of $747.43, the sale being made subject to certain credits. The land sold for taxes was worth several thousand dollars. It once belonged to S. L. Shawler, father of appellant, W. A. Shawler, who, by will, devised it to the wife and children of W. A. Shawler, making W. A. Shawler trustee for his wife and children. The pertinent provisions of the codicil to the will of C. L. Shawler, devising the property, reads as follows:

"I hereby revoke and cancel all the devises made to my son, W. A. Shawler, in the third and seventh clauses of my will, and in lieu thereof I will, devise and bequeath all the property, interest and estate therein devised to him and which he would have taken under said third and seventh clauses, to my said son, W. A. Shawler, during his natural life in trust for the sole use and benefit of his wife and all his children born and to be born, same to be held, used and managed and controlled by my said son during his life for the support and maintenance of his family, but only the rent, profits and issues of the property therein devised is to be used, and his children after becoming twenty-one years of age shall be entitled to demand and receive only such part of the said rents, profits and issues as my said son as trustee may in his discretion pay or expend for the benefit of such child over twenty-one years

of age, and for his services in managing said property, and in administering said trust, he shall have a home on the farm devised and a support and maintenance out of the rents, issues and profits of said trust estate, and shall not be held accountable therefor by any of the beneficiaries."

Manifestly, W. A. Shawler had only the interest of a bare trustee with the right to support from the farm on condition that he managed the trust estate. The real parties in interest, the owners of the land, had no notice whatever of the tax sale. There was some evidence to show that there was abundant personal property out of which the taxes might have been made by the sheriff had he chosen to subject it to the satisfaction of taxes. Some of it, as asserted by appellee, was under mortgage, but this did not relieve the sheriff from subjecting it to his tax claim. Spaulding v. Thompson, 16 R. 836. In the Spaulding case it was also held that the property must be listed in the name of the real party in interest, and that where it is otherwise listed and sold by the sheriff, the purchaser does not acquire title but merely a lien for the amount of the taxes, interest and penalties.

The stipulation of the parties shows that a poll tax claim for $2.00 was included in the tax bill when none was due for which the lands of the infants and other joint owners were sold, which was sufficient to vitiate the sale and render the tax deed invalid. In the case of Kentucky Land Investment Company v. Towery, 146 Ky. 537, it was expressly held that a sale of land for an *ad valorem* tax and a poll tax, when no poll tax was due, was void. No poll tax could have been properly assessed against the Shawler estate, or against the trustee as such. In the Towery case, it was said: "The sale having been made for a tax that was invalid as well as for a tax that was due was void. The sheriff had no right to sell land for anything except the taxes due." Smith v. Ryan, 88 Ky. 636; Fish v. Genett, 22 R. 177. And again the court in the same case said: "But the purchaser is entitled to a lien on the land for the tax which was in fact due which he paid. To this extent the plaintiff is entitled to relief and to this extent only." A case of like import is that of Collins v. Lane, 151 Ky. 8. There the correct amount of taxes due was $5.80, but the sheriff sold the land on a claim for taxes for $6.80, and in holding a tax claim for anything more than is lawfully chargeable is a sale with-

out jurisdiction, and therefore void and passes no title to the purchaser, we said, "As the tax sale at which appellant became the purchaser was void because the land was sold for more than was due as taxes, penalty and costs, it follows that appellant did not acquire any title to the land, either by the certificate of purchase given to her by the sheriff or by the tax deed made by the sheriff. All that she became entitled to by virtue of her purchase was a lien upon the land for the amount paid at the tax sale." This is the well established rule.

Without considering other points made by appellant we think it sufficient to say that inasmuch as the lands were sold on a claim for more taxes than were due, the sale and deed both were void, and appellee, Carter, did not become invested with title by reason of the tax deed, and was merely entitled to a lien on the lands to secure the money paid, with interest, penalty and cost. The trial court erred in holding otherwise.

Judgment reversed for proceedings consistent with this opinion.