### Shawler, et al. v. Carter.

(Decided October 7, 1927.)

## Appeal from Hardin Circuit Court.

1.  Taxation.—Purchaser at invalid tax sale is entitled only to lien, given by Ky. Stats., sec. 4036, for taxes and penalties actually paid, with 6 per cent. interest and costs incurred in litigation to enforce it, and not to excess of 4 per cent. interest and 15 per cent. penalties provided by section 4151-2 in case of redemption by landowner.

2.  Appeal and Error.—Court of Appeals' opinion, holding that tax sale was void, but prescribing judgment including "penalty and cost" on return of case, held not binding as law of case on question of purchaser's right to 10 per cent. interest and 15 per cent. penalties, recoverable under Ky. Stats., sec. 4151-2, on redemption by landowner; "penalty" being susceptible of interpretation as including only delinquent penalty.

3.  Infants.—Allowance of $50 for services of guardian ad litem for two infant defendants, in suit by tax purchaser to recover possession of land, held sufficient, where records were exceedingly small, case involved only legal questions, and record disclosed no evidence heard on motion for allowance.

J. E. WISE for appellants.

HAYNES CARTER, in pro per.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing in part and affirming in part.

This is the second appeal of this case; the opinion in the first one being reported in 215 Ky. 601, 286 S. W. 779.

It will appear therefrom that appellee and plaintiff below, Haynes Carter, purchased a tract of land in Hardin county at a tax sale for the amount of taxes due thereon for designated years, and, conceiving that the sale was valid and that he had performed all of the statutory requirements subsequent thereto necessary to vest the title to the land in him, he brought this action in the Hardin circuit court against appellants and defendants below, the owners, to recover possession of the land. Among the defenses interposed was that the sale was invalid and vested in plaintiff neither the equitable nor the legal title, but only the right to a lien on the land given by section 4036 of the present Statutes, saying:

"Whenever any person shall purchase property sold for delinquent taxes, and the sale shall be set aside because of any irregularity, the purchaser shall have a lien on the property for the amount of taxes and cost paid by him, and for which the property is liable, with legal interest from the time of such payment, which may be recovered from the owner of the property or person owning the same."

In the first opinion, the latter contention was upheld.

Upon the filing of the mandate from this court, and on October 26, 1926, the court rendered judgment setting aside its former opinion, and which was reversed in the 215 Ky. case, supra, and thereupon adjudged that plaintiff Carter, was entitled to a lien to the amount of taxes, penalty, and cost paid by him, with 6 per cent. interest from the time he did so, and his costs up to the time of the rendition of that judgment. On the next day, and at the same term of court, plaintiff tendered an amended petition setting out the facts that he had fully complied with the statutory requirements as to the giving of notices of his purchase of the land within the time he was required to do so, and also of the filing of the proper certificates by the sheriff with the county court clerk of the sale made by him, as is also required by the statutes, and that he was therefore entitled to the 10 per cent. interest and the 15 per cent. penalties provided by section 4151-2 of our present statutes relating to the right of redemption by the owner of land sold for taxes when the sale was in every respect valid so as to vest the purchaser with an equitable title to the land, plus the further right

to subsequently perfect it into a legal title by complying with other provisions of the statute and which are not necessary to be set out or specifically referred to in this opinion, since they are contained in and discussed in some of the cases hereinafter referred to. There was no motion made at that time to set aside the judgment rendered on the day before such tender. The court did not pass on the motion to file the amended petition at that term, but it was continued until the subsequent March, 1927 term, at which the court sustained plaintiff's motion to file the amended petition, and it was by order of court controverted of record and the cause submitted, followed by a judgment sustaining plaintiff's contention as to his right to collect from defendants 10 per cent. interest with the 15 per cent. penalties provided in section 4151-2 supra. From that judgment the defendants in the original petition have appealed, and the guardian ad litem for the infants has appealed from the allowance made to him for his services in their behalf.

It is contended on behalf of the owners of the land that the first judgment rendered by the court on October 25, 1926, allowed plaintiff all that he was entitled to, and followed strictly the provisions of section 4036 hereinbefore inserted; while it is the contention of plaintiff that he was entitled to the 10 per cent. interest and 15 per cent. penalties provided by section 4151-2, which, and succeeding sections, relate to and regulate the right of *redemption*. It is further contended by the landowners that the court lost jurisdiction of the case when it rendered the October, 1926, judgment, and could not set it aside at a subsequent term in the absence of a motion for that purpose being made at the rendition term, and that the tendering of the amended petition, even if the case was one wherein amendments could be filed after a return from this court, did not have the effect of suspending the judgment so as to authorize the court to set it aside at a subsequent term. In answer to the latter contention, plaintiff insists that the tendering of his amended petition was tantamount to a motion to set aside the October, 1926, judgment, and that it had the same effect as a motion made expressly for that purpose. Our view of the case as subsequently expressed renders it unnecessary for us to determine the questions of practice thus raised on this appeal, since we are thoroughly convinced that the first

judgment (October 25, 1926) gave to plaintiff all that he was entitled to under the facts disclosed by the record.

Plaintiff relies upon the former opinion in this court, and those in the cases of DeSembly v. Dedman, 161 Ky. 128, 170 S. W. 528, and Hatcher v. Howes, 138 Ky. 464, 128 S. W. 335, in support of the judgment allowing him the 15 per cent. penalties and 10 per cent. interest which the court made in the judgment appealed from. We have examined those cases, and none of them apply to the facts disclosed by this record. In each of them the validity of the sale was not questioned, and in each of them, except the opinion on the former appeal of this case, the right of redemption was sought to be exercised by the landowner, and the cases were strictly under section 4151-2, supra, relating, as we have stated, exclusively to the exercise of such right. The Legislature evidently had in mind that there would be cases where the sale was invalid and the purchaser at it would acquire no sort of title to the land, nor any right to perfect or acquire the title by subsequently complying with any provisions of any statute, upon the ground that, if the sale was void from the beginning, the rights acquired could not be made valid by any subsequent conduct or steps taken by the purchaser at the invalid sale. At the same time it was foreseen by the Legislature that, notwithstanding the sale might be invalid from the beginning, yet the taxes of the landowner might be extinguished by the proceeds of the invalid sale paid by the purchaser thereat, and it would be inequitable for the landowner to retain the land and not remunerate the purchaser for the money he paid in extinguishment of the taxes. Section 4036 was therefore enacted to cover that specific case and to secure the purchaser at such invalid sale. He was given a lien upon the land for the taxes and penalties that he actually paid, with legal interest thereon from the time of payment, followed by his costs incurred in the necessary litigation to enforce it.

The principles as so stated were expressly recognized and applied in the case of White v. McIntosh, 145 Ky. 59, 139 S. W. 1057, and no contrary opinion involving the same facts have we been able to find. The cases relied on by plaintiff, we repeat, draw, by inference at least, the distinction between a valid sale (but where some subsequent steps imposed by statute had not been taken) and one that was invalid from the beginning. In the latter case the only right acquired by the purchaser, if he has

paid the consideration or is subsequently compelled to do so, is the lien given by section 4036, supra. The October, 1926, judgment literally did that, and, since it afforded plaintiff the full measure of relief to which he was entitled, the court erred in rendering the judgment appealed from in March, 1927, by which the amount of plaintiff's lien was largely increased by the excess 4 per cent. interest and the 15 per cent. penalties permitted in cases of *redemption* by the landowner.

But it is insisted that the former opinion (215 Ky. 601, 286 S. W. 779), notwithstanding it held that the sale was void and passed "no title to the purchaser," also prescribed that upon a return of the case an outlined judgment should be rendered including "penalty and cost," and that defendants are bound by that judgment under "the law of the case" rule. Such contention would be absolutely correct if the first opinion in this case adjudicated the question herein discussed by the use of the words "penalty and cost" in directing the character of judgment that should be rendered upon a return of the case. Throughout that opinion it prominently appears that the sale to plaintiff was void, but that, inasmuch as the purchase price was paid by plaintiff and it went to extinguish the taxes for which the sale was made, he was entitled to recoup that amount and to a lien on the land to secure it. The member of the court who prepared the opinion no doubt had in mind that the plaintiff was entitled to such lien, not only for the amount of the taxes, but likewise for the statutory penalty imposed on a delinquent taxpayer, and that he was also entitled to his cost and interest on the total sum that he had paid. The language of the former opinion is susceptible to the interpretation that by the use of the word "penalty" therein it was only meant to include the delinquent penalty as well as the amount of the taxes actually due, and, in view of the fact that the sale was held in that opinion to be absolutely void, we will not attribute to its writer, who spoke for the court, the intention to also allow to plaintiff the increased interest and the 15 per cent. penalties given in case of redemption by the landowner, and which interpretation of our former opinion dispenses with the applicability of the law of the case rule.

There are only two infants involved; the other defendants being adults. The records were exceedingly small, and the case involved only legal questions. The

court allowed the guardian ad litem $50 for his services to the infants when he was demanding a much larger amount. So far as the record discloses, no evidence was heard on that motion, and we are to determine its correctness from the record alone. Viewed from that standpoint, we are not prepared to say that the allowance was insufficient, and the judgment will be approved on that branch of the appeal.

Wherefore the judgment in favor of appellee, Carter, is reversed, with directions to set it aside and to reinstate the one in his favor rendered October 25, 1926; but it is affirmed as to the allowance made to the guardian ad litem.