## Begley, et al. v. Boreing.

(Decided November 1, 1927.)

### Appeal from Perry Circuit Court.

Taxation.—Where property was listed for taxation by persons, neither of whom had title or possession, purchaser at tax sale thereof acquired no title.

MORRIS & JONES, F. J. EVERSOLE and J. T. BOWLING for appellants.

B. P. WOOTTON for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS— Affirming.

The heirs of Vincent Boreing trace title to the patentee, Jesse Begley, for 1,000 acres of land lying in Perry county. Claiming ownership and possession, they filed this suit against Jesse M. Begley et al. to recover damages and to restrain trespasses upon that boundary. The defendants justify under two tax deeds executed by the state auditor on the 13th of October, 1911, one to Jesse M. Begley and the other to Sam Begley; the two covering the land in question; it being further alleged that the part purchased by Jesse was listed for county and state purposes for the year 1896, in the name of William M. Begley, the owner; that the taxes were not paid, and that on the 20th of September, 1897, it was in accordance with law sold for taxes and bought in by the commonwealth of Kentucky, and the title thereto vested in the commonwealth, which on the 11th of April, 1910, sold same at public outcry, and Jesse became the purchaser at $15.19, the amount due. And that the part purchased by Sam Begley was listed for the year 1895 by Jesse Begley, Sr., the owner, and the same proceedings were had therein, Sam being the purchaser at the sum of $60.18, the amount of taxes and penalties, and deed was executed to him as above stated, and that they have been in possession since that date. The other defendants were parties to whom Jesse and Sam had sold timber.

The evidence shows that this land is embraced within the boundaries of certain patents issued to Jesse Begley prior to the year 1850; that in year 1882, Jesse Begley sold and by title bond agreed to convey this boundary to

H. C. Eversole and S. P. Hogg and put them in possession thereof; that there was a conflict in the title to a part of the land and part of the consideration was withheld by Eversole and Hogg until this was settled. In April, 1892, Eversole and Hogg filed suits in equity against Jesse Begley, Sr., to recover damages for certain trespasses he had committed on this land and to enjoin further trespasses and to require him to execute deed in conformity with the provisions of the title bond. Some time prior to 1896 agreed judgments were entered in that suit directing a conveyance to plaintiffs of the land in controversy, and in conformity therewith deed was executed to them by the master commissioner to the lands in controversy on the 13th day of March, 1896. On the 10th day of March, 1897, S. P. Hogg and wife conveyed their interest in the land to H. C. Eversole, who in turn conveyed the entire boundary to Vincent Boreing on the 9th day of May, 1901; it having since remained in the Boreing family. It further appears that on the 18th day of May, 1897, H. C. Eversole filed an equitable action against William Begley to quiet his title to the same land, setting out his own boundary, and alleging that William Begley was setting up a claim by virtue of a deed from his (Eversole's) vendor Jesse Begley executed in 1892. Judgment was entered in this suit on the 20th of December, 1897, canceling the deed from Jesse Begley to William Begley, and quieting plaintiff's title to the land. H. C. Eversole testifies that during all of the time subsequent to the purchase by him and Hogg from Jesse Begley and from the time of his purchase of the one-half interest of Hogg until his sale to Eversole in 1902 he listed this land every year and paid the taxes thereon. He is unable to substantiate this by the records, for the reason that some years back the courthouse at Hazard was burned and all the records destroyed.

On the other hand, Jesse and Sam Begley testify that in March, 1910, when the auditor advertised these lands for sale before the courthouse was burned, they inspected the record of the clerk's office and ascertained that one of the tracts was advertised as the property of William Begley and the other as the land of Jesse Begley; that the records disclosed that neither H. C. Eversole nor Eversole and Hogg listed any lands in the voting precinct in which this land was located, although Eversole listed

a tract of land located in a different voting precinct some distance therefrom, and in this they are corroborated by two or three other witnesses. They further claim that they took possession of the land thereunder, and have since been claiming it; however, no such possession is proven. The title to the land again became involved in a suit by the Boreings against R. M. Begley, Jasper Begley, Harrison Begley, and William Moore, who seem to have been asserting some title under William Begley, and at the March term, 1914, a judgment was entered quieting plaintiff's title thereto and again declaring the conveyance from the patentee Jesse Begley to William Begley in 1892 null and void.

In the briefs in this case, much has been said about the validity of the auditor's deeds and as to whether or not H. C. Eversole actually listed and paid the taxes on this body of land in the years 1895-96. As to this it will be observed that plaintiffs have a record title deducible from the commonwealth. As shown by the judgment recited supra, their predecessors in title held the land under title bond from the patentee from 1882 until 1896. It was the duty of H. C. Eversole to list the land and pay the taxes thereon during this period. If he did so, the listing of the land by Jesse Begley, Sr., and William Begley was unauthorized, and the tax deed made pursuant to the sale thereof for taxes was void. Mullins v. Rader, 204 Ky. 431, 264 S. W. 1058. But, without analyzing the evidence on that point, even if it should be assumed that he failed to list for the years 1895-96, and that it was listed in the names of Jesse Begley, Sr., and William Begley, neither of whom had title or possession, and that it was sold as their property, still the purchaser under the tax deed would only acquire such title as they had, which we have seen was of no efficacy. It follows that the court properly decided for plaintiff. Rogers v. McAlister, 151 Ky. 488, 152 S. W. 571; Eastern Ky. Coal Lands Corp. v. Com., 127 Ky. 720, 106 S. W. 260, 108 S. W. 1138, 32 Ky. Law Rep. 129, 33 Ky. Law Rep. 49; White v. McIntosh, 145 Ky. 59, 139 S. W. 1057; Hall v. Hall, 174 Ky. 356, 192 S. W. 76.

Wherefore the judgment is affirmed.