## Carter v. Shawler et al.

(Decided November 13, 1931.)

HAYNES CARTER for appellant.

J. E. WISE for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

W. A. Shawler et al. sued Haynes Carter for $8,232 for rents, issues, profits, etc., of 150 acres of land from September 28, 1925, to October 25, 1926; they recovered a judgment for $914.15, and Carter has appealed.

Some years ago, this land of Shawler et al. was sold for taxes, and Carter bought it. By proceedings had, Carter obtained a writ of possession, under which he was put in possession of the premises on September 28, 1925. Shawler et al. appealed from that judgment without superseding it, and this court reversed the judgment (see Shawler et al. v. Carter, 215 Ky. 601, 286 S. W. 779), and Carter surrendered possession of the property on

October 25, 1926. The case came to this court a second time. See 221 Ky. 248, 298 S. W. 714. As soon as that litigation had been concluded, Shawler et al. began this present action, which resulted as stated.

At the time Carter got possession of this land, there was a practically matured crop of corn and some sorghum cane growing upon it, which Carter got, and for the value of which Shawler et al. sued him. Carter contends on this appeal that he is only liable for the reasonable rent of the property while he had it.

The effort of the law is to restore to the owner what he was deprived of by his adversary's wrongful possession of his property, and usually the reasonable rent of the property is the measure of his recovery, but there are circumstances when the application of that rule would be inequitable; for example, a man's farm might be wrongfully taken from him with a matured crop of corn upon it, which the wrongful possessor could harvest and sell in 60 days. If the possession were then restored to the owner, it would be very inequitable to limit his recovery to the rent of the land for 60 days. The crop is the fruition of a year's use of, and labor upon, the land. To give the owner only 60 days' rent would not give him justice. The court here did not err in allowing Shawler et al. for the crops converted by Carter.

Carter contends he should have been allowed for the care taken of, and expenses incurred on, this land while he had it. Carter's possession was wrongful, and the court did not err in refusing to allow him for this item. The court in arriving at the value of these crops made him proper allowances for the necessary expenses of harvesting and marketing them, and we see no reason to disturb the finding of the chancellor.

The judgment is affirmed.