## Miller, et al. v. Johnson, Trustee in Bankruptcy, et al.

(Decided March 9, 1926.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Mechanics' Liens—Notes for Obligations Under Contract for Material and Labor in House Held Not to Extinguish Statutory Lien Therefor.—That notes were executed in evidence of cash obligations, arising under contract for material and labor furnished in construction of house prior to their execution, did not extinguish statutory lien for such obligations.

2. Mechanics' Liens—Grantor, with Lien for Equity for Unpaid Purchase Price, can Participate in Proceeds from Sale of House Under Lien for Labor and Materials Therein, where Construction was Unauthorized by Grantor.—Owner, conveying lot to her son, who erected a house thereon, can participate in proceeds from sale of house to satisfy lien for labor and materials furnished in its construction, to subject her son's equity to her lien for unpaid pur-

chase price of the lot, where she never authorized erection of house or ratified its construction by accepting its use.

3. Frauds, Statute of.—While parol contract for sale of real estate is not enforceable, contracting parties may perform it, as it is not illegal.

4. Husband and Wife—Statute Prohibiting Married Woman from Selling Real Estate Without Joinder of Husband Applies to Parol Contract (Ky. Stats., Section 2128).—Ky. Stats., section 2128, prohibiting married woman from making valid executory contract for sale of her real estate unless her husband joins in contract, applies to parol contracts.

5. Mechanics' Liens—Real Estate, Against which Lien for Labor and Materials is Sought to be Enforced, is Properly Sold, where Improvements Cannot Practically be Removed.—Where it was impracticable to remove improvements against which lien for labor and materials furnished was sought to be enforced, chancellor properly ordered real estate to be sold.

ALLEN P. DODD for appellants.

JAMES P. GREGORY for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS— Reversing in part and affirming in part.

This is an appeal from a judgment subjecting a city lot and uncompleted residence to a mechanic's and materialman's lien, as evidenced by four promissory notes aggregating $1,897.46, and a personal judgment against W. H. and E. H. Miller for like amount. The facts are involved in almost inextricable confusion, but will be stated as accurately as possible.

Mrs. Fredonia Miller, wife of W. H. Miller, owned the lot in question. E. H. Miller is a son of W. H. and Fredonia Miller. Prior to June 22, 1922, Mrs. Miller, with the assent of her husband, made a parol agreement with her son, E. H. Miller, to sell him the lot in question for the sum of $1,000.00, it being understood that he would build a residence thereon and would pay the purchase money and receive deed after the erection of the residence. On the day named, June 22, 1922, E. H. Miller entered into a written contract with the Walter H. Emery Company, a corporation, for the construction of a residence on this lot for the agreed consideration of $3,455.00 to be paid as follows: $25.00 to be deposited for drawings, $500.00 cash the day work was started; $643.00 ten days thereafter, provided the excavations and foundation were then completed; $643.00 twenty days after starting work, provided work had advanced to the superstructure

and the roof was ready to lay, a thirty day note without interest for $1,000.00 to cover the purchase of lumber to be assigned to and held by the lumber company, with privilege of renewal, provided the building was not completed at the end of thirty days; $644.00 final payment when keys were turned over at completion.

The work was begun promptly and excavations and superstructure completed, it being weather-boarded, roofed, some of the plumbing installed, when, so far as we are able to judge, through lack of payment upon the part of the owner, construction ceased and the Emery Company filed a mechanic's lien and material lien for $2,286.00, subject to a credit of $270.00, leaving a balance of $2,016.00. Shortly thereafter the Walter H. Emery Company became bankrupt, and the trustee in bankruptcy filed this action, seeking to enforce that lien by sale of the property. Subsequently plaintiff filed an amened petition alleging that the owners of the property failed to pay the installments agreed upon in the contract, and to cover these, W. H. Miller and E. H. Miller executed to the Emery Company four notes, two notes bearing date June 22, 1922, for $200.00 and $800.00, respectively, due sixty days after date, and two notes dated June 26, 1922, for $221.25 and $646.21, respectively, due thirty days after date, all of which were due and unpaid; that the two notes last described had been pledged to the Liberty Insurance Bank as collateral security for a debt owing to it by the Emery Company. The bank was made a party defendant and called upon to assert its interest. Personal judgment was asked against W. H. and E. H. Miller, and it was asked that these notes be adjudged a lien upon the lot described. Separate answers were filed by each of the Millers. Mrs. Fredonia Miller denied having any connection with the building and asserted the parol sale of the lot in question and an indebtedness due thereon of $1,000.00. She denied that the value of the lot was enhanced by reason of the improvements. W. H. and E. H. Miller made similar pleas, and asserted that notes were executed for the entire amount of the contract price at the time of its execution, some of which were outstanding; that the material furnished and work performed by the Emery Company in the construction of the house were defective and that by this breach of the contract they were relieved, and asked that the notes in the hands of the trustee in bankruptcy and the discounted notes be

canceled. Other pleadings made up the issues and on final hearing the court rendered personal judgment against W. H. and E. H. Miller in accordance with the prayer of the amended petition, reserving the question as to the rights of the Liberty Bank: It also upheld and enforced the lien upon the lot, and this was sold at decretal sale for the sum of $2,050.00. The Millers appeal.

Although W. H. Miller, E. H. Miller and Walter H. Emery have all testified, their memory is so hazy and indistinct that a clear understanding of the transaction cannot be gathered from the evidence, but we are inclined to agree with the learned chancellor that the Millers paid only $270.00 in cash and that the notes were executed in evidence of cash obligations arising under the contract for material and labor furnished and expended in the construction of the house prior to their execution, and that this did not have the effect of extinguishing the statutory lien for this sum. It is also reasonably clear that these were all the notes that were executed by the parties. We think, however, that the chancellor erred in subjecting the entire proceeds of the sale to this lien and denying to Mrs. Fredonia Miller the right to participate therein. It is admitted that she had a clear title to the lot involved. It is not denied that E. H. Miller agreed to pay her $1,000.00 therefor, and the *bona fides* of the transaction is not questioned. It is not intimated that she desired a house constructed on the lot or authorized the construction of any building for her use, or that Emery ever regarded her in the transaction at all. Her son was not living in the family and she saw the house only once during its construction. Since then she has not accepted it or in any way ratified the contract as being for her use. In all of this there was nothing to indicate that her son was acting as her agent in erecting the house. It is true that we have held in a number of cases that a married woman may under the present statute in person or by agent contract for such improvement upon her real estate or ratify a contract for such improvements that are made with her knowledge by accepting the benefits and thereby the lien attaches. Mingo Lime & Lumber Co. v. Parsley, 197 Ky. 740; Salisbury v. Williams Electrical Company, 173 Ky. 462. But such is not the case here, as Mrs. Miller never authorized its erection or ratified its construction by accepting its use.

It is argued, however, (1) that the parol contract with her son was unenforceable and (2) that she could

not have contracted for a sale of her property, even in writing, without her husband joining, and therefore E. H. Miller must have acted as her agent in the improvement of the property. We cannot assent to this. (1) A parol contract for the sale of real estate is not enforceable, but this does not mean that it is illegal, as the contracting parties may perform such a contract if they desire. The son was placed in possession of the property and improved it with his mother's knowledge. If upon a tender of the consideration his mother had refused to convey, he could not have had affirmative relief, but, on the other hand, under such circumstances, he had a resulting equity to the extent of the enhanced value of the lot by reason of the improvements, and plaintiff should have a right to subject his equity therein to its lien.

(2) Under section 2128, Kentucky Statutes, a married woman cannot make a valid executory contract for the sale of her real estate unless her husband joins in the contract. Evidently this contemplates a written contract, but a parol contract of this character falls within the principles above set out, and must be subject to the same equities.

As it was impracticable to remove the improvements, the chancellor properly ordered the real estate sold. As stated, the sale price was $2,050.00. It is shown in evidence that the value of the lot was enhanced $1,230.00 by reason of the improvements. Mrs. Miller should have been allowed the difference between these amounts, or $820.00, as the value of her lot, and the balance subjected to the lien, the costs in the lower court being equitably apportioned; and of course the amount thus collected will be credited on the personal judgment against W. H. and E. H. Miller.

Wherefore, the judgment is affirmed upon the appeal of W. H. and E. H. Miller and reversed upon the appeal of Mrs. Fredonia Miller, and cause remanded for proceedings consistent with this opinion.