## Ray v. Bushakra.

(Decided January 30, 1931.)

J. W. HOWARD and J. K. P. TURNER for appellant.

R. MONROE FIELDS and J. D. W. COLLINS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

At the time of the transactions here involved the appellant and plaintiff below, Mattie Ray, and the appellee and defendant below, Joe Bushakra, were husband and wife. They jointly owned a small parcel of land containing about seven acres in Letcher county upon which there was erected a small cottage type residence, and the whole was of the value of about $1,000. On May 24, 1926, and while they were yet husband and wife, she executed

a deed to defendant, her husband, whereby she attempted to convey to him her half undivided interest in the property for the consideration of $550. Plaintiff claims that at the time only $100 of the consideration was paid, leaving a balance unpaid of $450, while defendant claims that $400 of the consideration was paid at the time of the execution of the deed, and that he gave his note for the remaining portion of the consideration amounting to $150, and that he later paid thereon the sum of $35, making the total amount of his payments $435.

Defendant immediately took exclusive possession of the property and has retained it continuously since then, and has collected rents therefrom. Some time after the attempted conveyance plaintiff obtained a divorce from defendant, but in which decree nothing was adjudged concerning their property rights, there being no settlement of them sought in the proceeding. After obtaining the divorce she married a Mr. Ray, following which she filed this action in the Letcher circuit court in her last married name of "Mattie Ray," against her husband, in which she stated the facts according to her contention and asked a personal judgment against him for the balance of what she claimed was due on the purchase price by him of her interest in the real estate she attempted to convey to him, and which she fixed at $450. She stated in her petition that she had been informed that her deed was void, but she expressly renounced any desire to repudiate or cancel it, and she asked for no process to dispossess defendant of his possession of the property.

Defendant answered, admitting the conveyance and its consideration, but denied that he had paid only $100 thereof, and expressly averred that he had paid plaintiff thereon the amount of $435, as hereinbefore stated. He further averred that the deed executed to him was void, and that his claimed payments were without consideration, but he expressly averred that plaintiff had no legal right to a cancellation of the deed. He also averred that he had paid the entire consideration for the involved property at the time it was conveyed to him and his wife jointly, and that, since they were now divorced, he was entitled to be adjudged its exclusive owner, and that he was consequently entitled by reason of that fact and by reason of plaintiff's abortive effort to convey her interest to him, to have her deed confirmed by the court; but he did not ask for any judgment against his former wife

for his alleged payments, nor did he pray for any lien against any interest of hers in the land, since he contended that she owed none.

Following pleadings controverted each paragraph of the answer, and upon submission, after proof taken, the court dismissed plaintiff's petition and gave personal judgment against her in favor of defendant for $435, with interest from the time the items composing it were adjudged to have been paid, and gave defendant a lien upon plaintiff's half interest in the property, after adjudging that her deed was void, and ordered her half interest sold to satisfy the judgment in favor of defendant. The order of sale was carried out by the commissioner, and at the sale defendant purchased plaintiff's half interest for the amount of his judgment and costs, followed by a deed therefor executed to him by the commissioner, and from all of which plaintiff prosecutes this appeal.

In the very recent case of Hall v. Hall, 236 Ky. 42, 32 S. W. (2d) 536, we have before us facts, and the proper rights of the parties growing out of them, exactly parallel with those appearing in this case, with the single exception that in that case the vendor (the wife) in the deed to her husband was dead and the litigation was between her husband, her vendee, and her children as her heirs and legal representatives. But that exceptional fact can have no bearing upon the applicable principles of law.

There is likewise an immaterial distinction between the mode of procedure in that case and the one pursued in this one to this extent: In that case the husband who had attempted to purchase from his wife her undivided interest in jointly owned real estate sued her children as her heirs and prayed for similar relief to that sought by defendant herein by his counterpleading. The court sustained a demurrer to his pleading, and, upon failure to amend, dismissed his action, from which he appealed to this court. The opinion affirms the judgment upon the ground that the deed was void and that the promise by the husband to pay the consideration was itself without consideration, but that such fact was not available to the husband for the obtention of affirmative relief by him, either against his wife or her heirs, but that any payments made thereon could be employed by him as a resisting equity when the conveyance to him should be attacked and possession of the property recovered from

him. Since, therefore, no effort was made in that case by the representatives of the vendee in the void deed to either disturb it, or the husband's possession of the property given to him thereunder, he was not entitled to the affirmative relief he sought.

In the instant case the wife sought a personal judgment against the husband for what she alleged was the unpaid consideration; but, clearly, she was not entitled to it, since her conveyance was void, and which fact destroyed the consideration for his .promise to pay it, and it was accordingly held in the Hall opinion that the entire proceedings should have been dismissed, but without prejudice to a future settlement of the rights of the parties in a properly instituted action for that purpose, and which, as we have seen, should be a proceeding by the vendor of her legal representative against the husband, the vendee in the void deed, to cancel it and to oust him of his possession. In that opinion many prior cases from this court are cited, not only fortifying the principles approved therein, but in which this court announced the elements that should enter into a settlement of the rights of the parties growing out of such facts in a properly instituted action. The latter was also done by us in the case of Weber v. Lightfoot, 152 Ky. 83, 153 S. W. 24, wherein the proceeding was of the character above indicated and in which an equitable adjustment of the rights of the parties could be made. It was a case where the wife had attempted to convey her real estate without her husband joining in the deed, which, according to that opinion and many others preceding and following it, rendered the deed void as to her the same as was true with reference to the instant deed of plaintiff to her husband, the defendant.

In the Weber case the vendee pleaded her resisting equities against the effort of her vendor (a married woman without her husband joining in her deed), and her right to do so was upheld by this court in that opinion, but in which it was also held that the vendee who had been placed in possession of the property under the void deed should be compelled to account for rents and profits from the time the possession was taken and the amount of which should be deducted from the amount of the resisting equities, the latter of which was composed of consideration paid, taxes paid by vendee, and in some instances for lasting improvements made by him enhanc-

182

ing the value of the property, but not beyond their costs, or the value of the enhancement. That method of adjustment in cases of this kind was referred to with approval in the latter cases of Daniels v. France, 168 Ky. 749, 182 S. W. 919; Farley v. Stacey, 177 Ky. 109, 197 S. W. 636, 1 A. L. R. 1181, and a number of others recited in the Hall opinion.

It will be perceived that, notwithstanding this action was not of the character entitling defendant to the benefit of his alleged resisting equity, yet the court not only gave him the benefit of it, but rendered a personal judgment against plaintiff for the amount thereof with a lien upon her undivided interests in the real estate that she attempted to convey to him and directed it sold in satisfaction of the judgment, when he had asked for no such relief; but, if he had done so, he was not entitled to it under the principles announced in the cases supra. It is, therefore, a case that should be disposed of as we did in the Hall case, by reversing the judgment and ordering its dismissal without prejudice to the rights of the parties in an action properly brought to recover possession of the property and a cancellation of the deed.

Wherefore, the judgment is reversed, with directions to set it aside and to dismiss both the petition and the counterclaims asserted in the answer, but without prejudice to the party's rights in a future properly brought action.