## Jetter et al. v. Weber et al.

(Decided May 1, 1931.)

(As Modified on Denial of Rehearing December 4, 1931.)

B. H. RILEY and JOHN L. VEST for appellants.

JOHN H. KLETTE for appellees.

OPINION OF THE COURT BY JUDGE BRATCHER—Affirming.

The appellee, Katherine Weber, and her husband, W. H. Weber, separated on or about July 19, 1929, and, so far as this record shows, are still separated. They have never been divorced, but in their separation they adjusted their property rights between themselves. In so doing, the appellee's husband conveyed to her certain real estate, the deed containing this clause:

"This deed is made for the purpose of settling and adjusting the property rights between the grantor and grantee, who are husband and wife, and it is specifically understood and agreed that the grantor is now and forever hereafter waives any right and interest, in the way of a dower interest or any other interest whatsoever in said real estate, and the grantor further agrees that he will join with the grantee at any time the grantee sees fit to sell the property and execute a good and sufficient deed for that purpose, and it is further agreed between the said parties that the grantee accepts this real estate and waives any further right or interest in the way of dower or alimony in the grantor's property."

Later the appellee, without her husband joining in the contract, entered into an agreement with the appellant to exchange the property thus conveyed to her by her husband for some property owned by the appellants. The appellee declining to go through with this agreement, this suit was brought for a specific performance of

the contract. The appellee defended upon several grounds, the main one being that at the time of the execution of the contract sued upon she was a married woman and that her husband had not joined in said contract, and it was therefore void and unenforceable. The lower court having found for appellee, the appellants prosecute this appeal from that judgment.

To reverse the judgment the appellants argue, first, that since the passage in 1894 of the Weissinger Act (Acts 1894, c. 76), part of which is embraced in sections 2127 and 2128 of the Kentucky Statutes, there may yet be created in a married woman an equitable separate estate, uncontrolled by that act; that such estates were sanctioned prior to the enactment of this act, and that it did not abolish the law of separate estates as previously recognized and enforced in Kentucky. To sustain this major premise, the appellants cite the case of Lee v. Belknap, 163 Ky. 418, 173 S. W. 1129, 1133, wherein Judge Carroll, writing for the court said:

"The act of 1894 was intended to enlarge, and not to abridge, the rights of married women. It was intended to confer upon them privileges and powers they did not previously enjoy. The chief purpose of it was to give to married women the right to own and hold and control their property free from the dominion of their husbands; but it was not intended to abolish the law of separate estates as previously recognized and enforced in this state or to prevent the creation of estates by will or deed enlarging the rights of married women in respect to the control and disposition of their property.

"In other words, the act of 1894, was only intended to affect the rights of married women in property which they owned uncontrolled by the limitations of a will or deed. . . . And it was well-settled law before the act of 1894 that a married woman had the same control over her separate estate as if she were a single woman. [Citing cases.] And this law has not been changed by the act of 1894.

". . . Our opinion therefore is that since the act of 1894 a married woman may, by will dispose of any estate secured to her separate use by deed or devise to the exclusion of her husband. But she cannot by will exclude her husband from participa-

tion in her estate that was not secured to her separate use by deed or devise.

In other words, if the wife receives or acquires property in any way or from any source, unhampered by the provisions of a deed, will, or other instrument, her rights in such property are controlled and determined by the act of 1894; but, if the wife receives or acquires property under a will or deed that confers upon her greater privileges than the act of 1894, then these privileges may be exercised to the same extent they could have been exercised before the act of 1894."

We may, at least for the purpose of this case, admit the major premise of appellants. Passing this, they next argue that under the case of. Bates v. Harris, 144 Ky. 399, 138 S. W. 276, 36 L. R. A. (N. S.) 154, it was unnecessary for the husband of the appellee to join in the contract to convey the separate estate created by his deed to her in order for such contract to be binding upon the appellee and enforceable. In the Bates case, the court pointed out that Mrs. Bates, against whom the suit for a specific performance was directed, and who had made a contract to convey without her husband joining in the contract, had, by a judgment in the Madison circuit court under and by virtue of a statute regulating such matters, been on September 21, 1885, adjudged a feme sole, and was "empowered to use, enjoy and convey for her own benefit any property she then owned or might thereafter acquire free from the debts of her husband to make contracts, sue and be sued as a single woman and to trade in her own name and to dispose of her property by deed or will." Under these circumstances, it was held that it was unnecessary for Mrs. Bates' husband to join in her contract to convey her land in order for it to be binding upon her. A reference to the statutes will find that the proceeding under which Mrs. Bates was declared a feme sole was had under the act of 1866, which may be found in Bullitt & Feland's General Statutes of Kentucky, Edition of 1888, at page 724, being section 6 of article 2 of chapter 52. That act as set out in that section expressly authorized the court, on the proper procedure being taken, to empower a married woman to make contracts as a single woman. Hence it is manifest that when, as in the Bates case, the procedure laid down by that act had been followed, and a woman had

been declared a feme sole by order of court, she could, without her husband joining in the contract, make one that would be binding upon her. We have no such case here. The appellee was never by any judgment of court adjudged to be a feme sole or authorized to make contracts in her own name. Prior to 1894, in addition to the statute empowering a court to make a woman a feme sole, as above set out, there was a statute which provided that separate estates conveyed or devised to a married woman might be sold and conveyed in the same manner as if such estates had been conveyed or devised absolutely, but forbade the conveyance of such estates unless the husband unite with the wife in the conveyance. See the act of 1868 as amended by the Act of April 27, 1880, being section 17 of article 4 of chapter 52 of Bullitt & Feland's Statutes, supra. Section 3 of article 2 of chapter 52 of the 1888 Statutes, supra, provided that a husband and wife might sell her land or chattels real. This section is the same as is now embraced in section 2129 of the Statutes. When the Weissinger Act undertook to enlarge the powers of a married woman, especially with regard to the right to contract and be contracted with, it excepted from such enlarged powers the right of a married woman to contract to sell her real estate without the concurrence of her husband. It left her right in the regard just the same as it was prior to its enactment, and that was she had no power to sell or convey her real estate, separate or otherwise, without the concurrence of her husband, unless she had been adjudged a feme sole by the court. Hence, any contract she made to sell her real estate, even though it was her separate estate, was invalid prior to the enactment of the Weissinger Act unless her husband joined in the contract or she had been declared a feme sole by the court, and of course, since the enactment of the act. What we have said being true, it therefore follows that the contract here in question, not having been signed by the appellee's husband, was not binding upon her, for which reason the lower court correctly adjudged that the appellants are not entitled to a decree of specific performance.

The judgment is affirmed.

Whole court is sitting.