## May v. May et al.

September 30, 1949.

E. J. Picklesimer for appellant.

P. B. Stratton for appellees.

JUDGE REES—Affirming.

In 1922 Jeff May purchased from Rebecca Charles and others a tract of land in Pike County. The land was conveyed to Jeff May and Didema May, his wife. In 1927 Jeff May conveyed to his wife, Didema May, his undivided one-half interest in the land, thus vesting in her the entire title thereto. Mrs. May became seriously ill in 1940, and on June 20 of that year she and her husband went to the office of an attorney in Pikeville and Mrs. May requested the attorney to prepare a deed conveying the land to her husband. She was informed that she could not deed the land directly to him, but would have to make the conveyance through a third person. She requested the attorney to act as the third party to the transaction, and a deed was prepared conveying the land to the attorney who immediately executed a deed conveying it to Jeff May. The name of Jeff May did not appear in the deed to the attorney as a grantor, and he did not sign the deed. This was prior to the enactment of section 4 of Chapter 152 of the Acts of 1942, now KRS 404.030(1), empowering a married woman to sell and convey her real estate, and, since Jeff May did not join his wife in the deed conveying her land to the attorney, the deed is void. Schaengold v. Behen, 306 Ky.

544, 551, 208 S. W. 2d 726. Mrs. May died in October, 1941, and in February, 1942, Jeff May remarried. At the time of the death of his first wife Jeff May had nine living children and one grandchild, Pauline Ratliff, the only child and heir at law of a deceased daughter. On May 1, 1944, this action against Jeff May was brought by the nine children and the grandchild to have the land partitioned. They alleged in their petition that the land was owned by their mother, Didema May, at the time of her death, and that upon her death intestate it descended to them as her only heirs at law, subject to the curtesy right of their father. In his answer the defendant alleged that he paid the entire consideration for the land, and that when he conveyed his interest in the land to his wife on January 3, 1927, it was agreed between them that she was to hold the land in trust for him and was to deed it back to him at any time he requested her to do so. He prayed that he be adjudged the owner of the land. The court adjudged that the deeds dated June 20, 1940, by Didema May to a trustee and from the trustee to Jeff May were void, and that Didema May at the time of her death was the owner of the land in question which descended to the plaintiffs', share and share alike, subject to the curtesy right of Jeff May, her husband. The defendant has appealed. It is his contention that Didema May held legal title to the land under a parol agreement made with her at the time the land was conveyed to her, and that he is the equitable owner under a constructive trust created by that agreement. He relies upon Shortridge v. Shortridge, 207 Ky. 790, 270 S. W. 47, and Hunt v. McCloud, 231 Ky. 801, 22 S. W. 2d 285.

In Shortridge v. Shortridge, John Shortridge was convicted of a felony and sentenced to confinement in the penitentiary for a period of eight years. Before he was taken to prison he conveyed his real estate to his wife and had the deed recorded, all without his wife's knowledge. Shortly thereafter she visited him at the penitentiary and he explained to her that he had conveyed the land to her to enable her to manage it and provide for herself and their family during his absence, but if and when he returned she was to reconvey it to him. To this she agreed. It was held that Mrs. Shortridge's acceptance of the deed and her promise to reconvey were contemporaneous and sufficient to raise a constructive trust. In Hunt v. McCloud, the facts were

similar to the facts in the Shortridge case except that a written agreement was signed and acknowledged by the husband and wife which stipulated that the wife was to hold the property in trust for the husband during the time he was confined in the penitentiary. It was held that the agreement was sufficient to create a constructive trust. In both of these cases the evidence of an agreement contemporaneous with the execution of the deed that the wife held the land in trust for her husband and was to reconvey it to him was clear and definite. The only question in each case was the legal effect of the agreement.

A case more nearly akin to the present case on the facts is Moore v. Terry, 293 Ky. 727, 170 S. W. 2d 29, 31. There, B. T. Moore, preparatory to going to prison, conveyed to his wife his farm consisting of 300 acres of land. This was on September 15, 1908. After serving six months in prison he was released, returned to his home, and resumed management and control of the farm . In 1914 Mrs. Moore became ill and expressed a desire to reconvey the land to her husband. She executed a deed to her son who in turn executed a deed to his father. The husband failed to join in his wife's deed to their son, and the deed, consequently, was void as is the deed in the present case. After the death of Mrs. Moore her children brought an action against their father to have the land allotted to them as their mother's heirs after his curtesy interest had been set aside to him. The father pleaded that when he conveyed the land to his wife she agreed to reconvey it to him upon his return from prison, and that she held it in trust for him during his absence. It was held that the evidence was insufficient to establish the agreement to reconvey, and that the children of Mrs. Moore were owners of the land. In the course of the opinion it was said:

"It is the settled rule in this jurisdiction that a constructive trust in real estate may be created by a parol agreement made prior to, or contemporaneous with, the execution of the conveyance. * * *

"But the evidence to establish such a trust must be greater than a preponderance—it must be definite, clear and convincing—and it is both closely scrutinized and carefully weighed by courts as its effect is to upset paper title."

In the present case the sole scrap of testimony on the subject is a statement by appellant, Jeff May, in his deposition. He was asked this question and made this answer: "Q. What understanding, if any, did you have with her with reference to her deeding the property back to you, or what was the understanding with you about it? A. Well, it was the understanding she was to deed it back to me any time I wanted it." The question was objected to and a motion was made to exclude the answer, but the appellees failed to file written exceptions to the deposition on this point, as required by section 586 of the Civil Code of Practice, and the evidence, though incompetent and subject to exclusion if proper exceptions had been taken, must be considered for whatever it may be worth. However, the single statement of the witness quoted above falls far short of the requirement as to evidence sufficient to establish a trust in a case of this kind. It is not definite, clear and convincing, and fails to show that Mrs. May, prior to or contemporaneously with the execution and delivery of the deed to her, agreed to hold the land in trust for her husband and to reconvey it to him. On cross-examination the attorney for appellees repeatedly asked appellant what motive he had in mind when he deeded the property to his wife in 1927, and his only answer was that he "just took a notion to do so."

The court correctly adjudged the appellees to be the owners of the land, and the judgment is affirmed.