## NICKEL v. GREGORY.

Court of Appeals of Kentucky.
March 27, 1953.

Hiram H. Owens, Barbourville, Sylvester V. Little and Calvert C. Little, London, for appellants.

Lewis & Weaver, London, for appellee.

MOREMEN, Justice.

The heirs of Susan Tuttle, who are appellants here, filed suit whereby they sought to be adjudged the absolute owners of a tract of land which appellee, Hugh Gregory, was occupying and of which he was claiming ownership. The chancellor decreed that it belonged to appellee.

In the year 1903, Susan Tuttle obtained title to the parcel of land here involved. On January 26, 1906, she conveyed the property to her husband, Alex Tuttle. By the terms of the deed she reserved "the right to the use and occupancy and benefit of said land during her lifetime."

Susan Tuttle and her husband, Alex Tuttle, resided on the property until she died in April, 1934. Alex Tuttle continued to reside there until he died in 1948. However, he had theretofore and on October 7, 1941, conveyed the land to appellee, Hugh Gregory, by a deed which reserved to the grantor the right to live upon the land the remainder of his life.

Immediately upon the death of Alex Tuttle, the appellee entered and took actual possession of the property. This suit was filed within a year.

Appellants contend that under Kentucky Statute 506—in effect in 1906, but repealed in 1942—a woman was denied the right to convey the property to herself and her husband by direct deed; that a deed so executed was void. Howard v. Turner, 287 Ky. 206, 152 S.W.2d 589; May v. May, 311 Ky. 74, 223 S.W.2d 362; Schaengold v. Behen, 306 Ky. 544, 208 S.W.2d 726; Moore v. Terry, 293 Ky. 727, 170 S.W.2d 29.

In this opinion we must discuss again the right of a married woman to convey property without the joinder of her husband, and attempt to trace the tortuous path leading to the final emancipation of women.

Sections 505 and 506 of the Kentucky Statutes were originally a part of Chapter 186 of the Acts of 1893. Section 506 was later amended, but the parts with which we are concerned here read as follows:

"§ 505. Married women may convey any real or personal estate which they own, or in which they have an in-terest, legal or equitable, in possession, reversion, or remainder."

"§ 506. The conveyance may be by the joint deed of husband and wife, or by separate instrument; but in the latter case the husband must first convey, or have theretofore conveyed."

Following the enactment of the foregoing statutes, this court held that direct conveyances from wife to husband were void. Hall v. Hall, 236 Ky. 42, 32 S.W.2d 536; Ray v. Bushakra, 237 Ky. 178, 35 S.W.2d 19; Hensley v. Lewis, 278 Ky. 510, 128 S.W.2d 917, 123 A.L.R. 537; and Howard v. Turner, 287 Ky. 206, 152 S.W.2d 589.

Howard v. Turner was decided June 10, 1941, and in it the court again affirmed its conviction that an attempted conveyance by a married woman to her husband, or to anyone else, in which the husband does not join as a grantor, is absolutely void.

However, less than eight months after that decision, by a court whose personnel was divided in opinion, in Smith v. Hughes, 292 Ky. 723, 167 S.W.2d 847, 851, it was held that the ruling prohibiting a wife from conveying her property direct to her husband has had no proper place in our jurisprudence since the enactment of the Weissinger Act.

The majority opinion pointed out that in 1894 (one year after Sections 505 and 506 had been enacted) the legislature enacted what is known as the Weissinger Act by the terms of which married women were vested with all the rights theretofore possessed by single women respecting the acquisition, ownership and disposal of property except that they might not make executory contracts to sell, convey or mortgage their real estate, unless their husbands joined in such contracts, and might not become security for the fulfillment of other persons' obligations without setting aside by mortgage, or other conveyances, portions of their estate for that purpose. The court in discussing the cases that theretofore had held such conveyances void, made this observation:

"The fact that the Weissinger Act required that the husband unite only in the wife's executory contracts respect-

ing her real estate apparently was not noted by the Court, and no attempt was made to differentiate between conveyances directly by the wife to the husband and conveyances by the wife to a third person, a differentiation manifestly required if full effect was to be given to the Weissinger Act and that Act reconciled with the quoted provisions of Section 506. Accordingly, in several cases subsequent to the adoption of the Weissinger Act, this Court, without discussion and following its prior rulings, held that direct conveyances from wife to husband were void." (Citing cases.)

In the opinion some weight seems to have been given to the fact that the husband united as a grantee in the deed that was executed; nevertheless, the ruling was made that a direct conveyance was proper, and we find no valid reason why the fact that the husband signed as grantee should have been given any consideration. A vigorous dissenting opinion convinces us that the case was thoroughly discussed and that this language, which summarizes the discussion, was carefully selected, to-wit:

> "Hence, we have reached the conclusion that the rule prohibiting a wife from conveying her property direct to her husband has had no proper place in our jurisprudence since the enactment of the Weissinger Act."

In Moore v. Terry, 1943, 293 Ky. 727, 170 S.W.2d 29, the court, without discussion of the opinion in Smith v. Hughes, 292 Ky. 723, 167 S.W.2d 847, stated that under our construction of Section 506 of the Kentucky Statutes, a deed of a married woman in which her husband does not unite is void. The main point of the decision in this case, however, concerned whether or not a constructive trust in realty had been created by a parol agreement made prior to the execution of the conveyance.

In Schaengold v. Behen, 306 Ky. 544, 208 S.W.2d 726 (1948) it was remarked that prior to the 1942 amendment (which repealed Kentucky Statute 506) a married woman could not enter into an executory contract for the sale of realty without her husband joining therein. The opinion, however, did not discuss the law applicable in cases where a deed actually was executed, and the opinion pointed out that the purpose of the repealing act of 1942 was to wipe out the last remaining restrictions on the sale and conveyance by a married woman of her real estate. Smith v. Hughes was not discussed, evidently because the court felt that the 1942 act itself resolved all doubts in this connection.

May v. May, 311 Ky. 74, 223 S.W.2d 362, involved facts where the husband did not appear in the deed as a grantor and did not sign the deed as grantee. The court held that since the conveyance was made prior to the enactment of Section 4 of Chapter 152 of the Acts of 1942, now KRS 404.030 (1), empowering a married woman to sell and convey her real estate, the deed was void, and cited as authority the Schaengold case above discussed. The Hughes case was not discussed and the case, which was similar in fact to Moore v. Terry, was decided in accordance with the principles concerning a constructive trust laid down in that opinion.

In Cooper v. Cooper, Ky., 1952, 248 S.W. 2d 702, 705, a wife, in the year 1938, deeded property to her husband by a direct deed in which he was named grantee and in which he was joined as grantor. The court said:

> "The chancellor held that the deed violated section 506 of Carroll's Statutes, which was then in force, and further, that there was no consideration. He set the deed aside and restored the title to Mrs. Cooper.

> "Under the decision in Smith v. Hughes, 292 Ky. 723, 167 S.W.2d 847, the deed did not violate section 506."

From the discussion of the foregoing cases, it may be remarked that the court, on several occasions after the important decision in Smith v. Hughes, failed to keep in mind the full extent of that opinion and apparently, in some instances, accepted and stated the law which was in effect prior to that ruling; but it may be noted also that

the remarks were in the nature of obiter dicta and the cases were decided under another theory.

In our last expression on this point found in Cooper v. Cooper, where the facts demanded a decision on the question of whether a wife could convey directly to her husband in a year that predated the repealing act of 1942, the court looked to the ruling in Smith v. Hughes and followed it.

We are of opinion that the reasoning contained in the majority opinion in Smith v. Hughes is sound, and it follows we are also of opinion that the deed which Susan Tuttle executed to her husband Alex Tuttle was a valid one and the judgment is therefore affirmed.